FILED

Oct 16   2 14 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTHEW MARCARELLI | : | CIVIL NO. 3:01V02210(JGM) |
| | : | |
| VS. | : | |
| | : | |
| CITY OF NEW HAVEN AND | : | |
| SHERYL BROADNAX | : | OCTOBER 15, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

The undersigned submits the following factual basis and
legal citation in support of the motion to dismiss filed
simultaneous herewith.

### I.   FACTUAL BASIS:

The plaintiff initiated this action by writ, summons and
complaint dated November 26, 2001, which was filed with this
Honorable Court on November 28, 2001.  The plaintiff brought
claims against the undersigned and the co-defendant, City of
New Haven.  In said original complaint, the plaintiff alleges
he was a citizen of the Town of Northford, Connecticut
(Paragraph One (1)of the original complaint).

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

After extensive pleading practice the plaintiff's operative complaint is now entitled Plaintiff's Second Amended Complaint and is dated September 17, 2003. The undersigned has filed this instant motion to dismiss directed at Count Two, which is the only Count directed at the undersigned.

The undersigned has filed this motion under the authority issued by and within the time frame allowed by the Honorable Joan Glazer Margolis, U.S. Magistrate Judge's order issued on September 23, 2003.

The pertinent portions of the Operative Complaint that are relevant for review are submitted as follows:

1.    On December 7, 1998, the undersigned was present when the plaintiff was shown a photograph of an "obese, pregnant, naked, white woman" and was told by another employee not the undersigned "Do you remember when you used to look like this?" No other persons are alleged to have been present (Paragraph 7 of the challenged complaint);

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

2.    On December 7, 1998, the plaintiff filed a
complaint for sexual harassment against the undersigned
(Paragraph 8 of challenged complaint);

3.    In retaliation for filing that complaint on
December 8, 1998; the undersigned requested the Assistant Fire
Chief of the City of New Haven replace the plaintiff (Paragraph
9 of challenged complaint);

4.    Copies of the photograph at issue and the
complaint filed by the plaintiff relative to the photograph
were posted in firehouses in the City of New Haven.  No
allegation of the identity of the individual or individuals nor
has there been any documentary proof submitted identifying the
individual or individuals who allegedly committed this act
(Page 10 of challenged complaint);

5.    The plaintiff alleges that the showing of the
photograph to him by another firefighter and the request for
replacement of the plaintiff by the undersigned was a matter of
substantial public concern to the public in New Haven
(Paragraph 24 of the challenged complaint);

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

6.    The undersigned is alleged to have caused the plaintiff to be "constructively demoted" from the position of Assistant Drillmaster (Page 18 of the challenged complaint).

Pertinent portions of the Honorable Janet Bond Arterton's U.S.D.J.'s ruling are referred to support the following:

1.    As a matter of law the Court has found that the incident alleged by the plaintiff involving the photograph did not sexually harass nor create a sexually or racially hostile environment (Page 16 of ruling);

2.    The Court noted that the undersigned had not addressed the issue of retaliation in her motion for summary judgment (Page 16 of ruling).

Lastly, the undersigned submits pertinent portions of the plaintiff's discovery response and production compliance to establish the following facts:

1.    The plaintiff states in pertinent part in interrogatory number 2, that the adverse employment action taken by the undersigned was that on December 7, 1998 she created a hostile work environment relative to the photograph

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

and that on December 7 and 8, 1998 the undersigned
"intentionally directed and/or undertook adverse employment
actions against the plaintiff based upon his race".  No further
factual detail or example other than this vague open-ended
claim has been made.

2.   The plaintiff attaches a series of memorandum
all addressed to supervisory personnel within the Fire
Department relative to this alleged act of sexual/racial
harassment.  They address issues prior to the photographs which
clearly cannot be relevant to this retaliation claim; they
refer to the "photograph showing incident", as well as a series
of encounters soon after the photograph incident between the
undersigned and the plaintiff which by the plaintiff's own
writing do not allege a single inappropriate additional racial
or sexual remark or action.  In fact said memorandum deal with
facially proper inquiries and conduct by a supervisor to her
subordinate.  Lastly, they contain a memorandum by the
plaintiff voluntarily accepting another position without
waiving the position of Assistant Drillmaster in any manner.

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

The operative pleadings and admissible documentary support appended to the motion support the granting of this motion based upon the following legal grounds.

## II.    **STANDARD FOR REVIEW**:

In reviewing a complaint for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as amended; the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in plaintiff's favor. Hernandez v. Coughlin, 18 F.3d 133, 136 (2nd Cir.), cert. Denied, 513 U.S. 836 (1994).  In deciding a motion to dismiss for failure to state a claim, "the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support claims.  Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test."  Scheuer v. Rhodes, 416 U.S. 232, 236, (1974); See Weisman v. LeLandais, 532 F.2d 308, 31 (2nd Cir. 1976)(per curiam).  "This standard is applied with even greater force where the plaintiff alleges civil rights violations." Hernandez, 18 F.3d at 136.

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

For those portions of the motion pursued under Rule 12(b)(6) to dismiss for failure of the pleadings to state a claim that include matters outside of the pleadings that are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. F.R.C.P.12(b).

III. **LEGAL ARGUMENT:**

A. **NO MATTER OF LEGITIMATE PUBLIC CONCERN IS ALLEGED IN THIS CASE:**

To prove a First Amendment retaliation claim, a plaintiff must show "(1) his speech was constitutionally protected; (2) he suffered from an adverse employment action; and (3) his speech was a motivating factor in the adverse employment determination regarding him." Phillips v. Bowen, 278 F.3d 103, 109 (2d Cir. 2002) (citing Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999)).

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

The question of whether certain speech enjoys a protected status under the First Amendment of our Constitution is one of law and not fact. <u>Connick v. Myers</u>, 461 U.S. 138, 140 (1983). In fact, even before determining whether certain speech is protected, a court must determine, as a threshold matter, whether the speech touches upon matters of legitimate public concern. If it does, then the court must perform a balancing test to see if the interests of the employee, as a citizen, in commenting upon the subject at issue outweigh the interests of the government, as the employer, in promoting an efficient work environment. <u>Pickering v. Board of Education</u>, 391 U.S. 563, 568 (1968). If it does not, then the court need not engage in such balancing acts and can dismiss the action as legally insufficient. Such a determination can be decided by way of motion to dismiss. See <u>Morgan v. City of Milford</u>, 914, F. Supp. 21 (1996).

To determine whether an employee's comments were made as a citizen and touch on a public concern, courts must evaluate all aspects of the speech. "Whether employee speech addresses a

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

matter of public concern must be determined by the content, form, and context of a given statement." <u>Rankin v. McPherson</u>, 483 U.S. 378, 384-5, (1987); <u>see also Lewis v. Cowen</u>, 165 F. 3d 154, 163-4 (2d Cir., 1999)(to decide whether an employee's speech involves a matter of public concern, a court should focus on the motive of the speaker).

In this case the memorandum submitted by the plaintiff to his superiors that are contained in discovery responses include complaints primarily about the manner the undersigned managed the plaintiff.  The prior complaints in fact support the inference that the complaint of continued harassment after the alleged "photograph showing incident" that were claimed to be in retaliation for such incident were in fact merely pretextual.  In fact it is equally possible that such continued managerial interaction was no more than the plaintiff's continued dissatisfaction with taking orders from a minority female supervisor.

In addition, the courts have looked at the standing of the plaintiff in any given community such as being a taxpayer or

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

voter to determine if the speech at issue would be a public concern for the community or only to benefit the personal situation of the individual.  See <u>Mazurek v. Wolcott Board of Education</u>, 849 F. Supp. 154 (D. Conn. 1994); <u>Morgan v. City of Milford</u>, 914 F. Supp. 21 (D. Conn. 1996).  In the instant case the plaintiff while claiming in paragraph 24 of his revised complaint, to be speaking of matters of substantial public concern to the public in New Haven; he in fact was a resident, voter and taxpayer of the Town of Northford and not New Haven.

Courts have been reluctant to recognize an employee's internal grievance procedures as speech affecting public concern.  See e.g. <u>Ezekwo v. NYC Health & Hospitals Corp.</u>, 940 F. 2d 775, 791 (2d Circuit), cert. Denied 502 U.S. 1013 (1991); unless those complaints implicate system-wide discretion which then clearly involve a matter of public concern.  See <u>Donahue v. Windsor Locks Board of Fire Commissioners</u>, 834 F. 2d 54, 58 (2d Cir. 1987).  The complaint as well as pertinent discovery appended to this motion document no speech or challenge to a system-wide discriminatory practice but instead merely a single

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

incident and its alleged after effects, which are all reflected by the personal efforts of the plaintiff to internally grieve that matter to his supervisors in order to deal with what clearly appears to be an individual personal issue.

Lastly, it is expected that the plaintiff will attempt to hide behind the claim that since his alleged speech conveniently involved race and gender that it is ip so facto of public concern. In deciding whether speech is a matter of public concern, the court should not fall for the self serving assertion that because matters of race and gender are at the broadest level of abstraction clearly issues of public concern that any alleged racial or sexual issue automatically qualifies. In fact our Supreme Court has held that one must look at speech using a reasonable person standard and even language or acts with racial or sexual overtones will not be characterized as speech of public concern unless they create a hostile environment. See <u>Rankin v. McPherson</u>, 483 U.S. 378 (1987). In this case a single viewing of a photograph of a white obese female by a white male shown to and by a fellow

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

male employee objectively can not rise to the level of public

concern.  In fact the Honorable Janet Bond Arterton in her

ruling on the undersigned's motion for summary judgment

specifically found such was not sexual or racial harassment.

**B.    <u>NO SUBSTANTIAL ADVERSE EMPLOYMENT ACTION WAS
       SUFFERED BY THIS PLAINTIFF</u>**

The plaintiff's pleading and documentary proof fails to

demonstrate a substantial adverse employment effect from the

alleged conduct of the undersigned.  Adverse employment actions

include discharge, refusal to hire, refusal to promote,

demotion, reduction in pay, and reprimand.  <u>Phillips v. Bowen</u>,

278 F. 3d 103, 109 (2d Cir. 202) (citing <u>Morris v. Lindau</u>, 196

F. 3d 102, 100 (2d Cir 1999).  In this case the plaintiff

alleges that he was "constructively demoted" (Paragraph 18 of

challenged complaint) but the discovery documents provided

disclose the memorandum in which the plaintiff clearly

indicates that "I am in no way resigning or forfeiting my

current position or civil service title of Assistant

Drillmaster".

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

The plaintiff's own statements clearly contradict his allegation of adverse employment action thus making it impossible for the plaintiff to even prove the lesser test for determining an adverse employment action of using an objective standard demonstrating that "the total circumstances of the working environment changed to become unreasonably inferior and adverse when compared to a typical or normal but not ideal or model workplace. <u>Phillips</u>, 278 F. 3d at 109.  In fact, the plaintiff cannot refute the allegations that subsequently he resumed and returned to the Assistant Drillmaster position and at least for a time after these claimed wrongs was acting Drillmaster for the Fire School.

C.    **IF THIS FIRST AMENDMENT CLAIM IS DISMISSED THE PENDENT STATE CLAIMS SHOULD NOT BE RETAINED**

Absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendent state law claims on the basis of a federal question claim already disposed of … 28 U.S.C. Section 1367(c)(3); <u>Spear v. Town of</u>

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

<u>West Hartford</u>, 771 F. Supp. 521, 530 (D. Conn. 1991), aff'd,

954 F.2d 63 (2d Cir.), cert. Denied, 506 U.S. 819 (1992).

No unusual or extraordinary reason exist in this case

warranting this Court retaining said State claims.  It is

respectfully requested that her Honor refer to those legal

arguments raised in the undersigned's prior motion for summary

judgment dated April 22, 2003 directed at these issues for

additional legal support in supporting this claim for dismissal

of these pendant state claims.

**IV.    <u>CONCLUSION</u>:**

WHEREFORE, all of the aforesaid reasons the requested

dismissal of all of the plaintiff's claims against the

undersigned is sought.

> RESPECTFULLY SUBMITTED ON BEHALF OF
> THE DEFENDANT,
> SHERYL BROADNAX
>
> BY_____
>     RENE GERARD MARTINEAU
>     DEL SOLE & DEL SOLE, L.L.P.
>     46 SOUTH WHITTLESEY AVENUE
>     WALLINGFORD, CT 06492
>     (203) 284-8000
>     FEDERAL BAR NO. ct07680

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

R. Edward Phillips
One Union Plaza, 2nd Floor
New London, CT 06320

Martin S. Echter
Office of the Corporation Counsel
165 Church Street
New Haven, CT 06510

Courtesy copy to:
The Honorable Joan G. Margolis, U. S. Magistrate Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Rene Gerard Martineau

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 788-8500