UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW MARCARELLI,   :   NO. 3:01CV02210 (JGM)
    Plaintiff

VS.   :

CITY OF NEW HAVEN, ET AL.   :   OCTOBER 24, 2003
    Defendants

## DEFENDANT CITY OF NEW HAVEN'S
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

### General nature of the case.

The "Plaintiff's Original Complaint" claimed that codefendant Sheryl Broadnax, at relevant times a female New Haven Firefighter, an African-American and the immediate supervisor of the plaintiff, a Caucasian New Haven Firefighter, created a "hostile work environment" wherein (1) the plaintiff was sexually harassed by codefendant Broadnax "by virtue of intentionally exposing him to a sexually lewd and racially offensive photograph" and derogatory language," (2) codefendant Broadnax allegedly filed a "false complaint" that the plaintiff had been absent without leave from his job, and (3) codefendant Broadnax allegedly maked "numerous harassing telephone calls" demanding to know why Mr. Marcarelli had been temporarily reassigned to the Fire Chief's Office "without going through her."

**"Plaintiff's Original Complaint."** The "Plaintiff's Original Complaint" also claimed that the City of New Haven (1) had failed to conduct a thorough and meaningful investigation into Mr. Marcarelli's complaint of sexual harassment and a

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

hostile work environment, (2) had failed to remove or otherwise take corrective action with respect to copies of the alleged "lewd and offensive photograph" and Mr. Marcarelli's complaint to the Chief which had allegedly been posted in various New Haven firehouses.

Mr. Marcarelli claimed that "in an effort to avoid further embarrassment and humiliation, [he] voluntarily transferred to another position at a substantial loss of pay and under a stigma of humiliation and ridicule by coworkers."

Mr. Marcarelli claimed violations of (A) 42 U.S.C. Section 1981 against both defendants, (B) 42 U.S.C. Section 1983 and the First and Fourth Amendments to the U. S. Constitution against both defendants, (D) Articles First, Sections 1, 4 and 20 of the Connecticut Constitution against both defendants, Connecticut General Statutes, Section 31-51q against both defendants, and (E) the tort of Intentional Infliction of Emotional Distress against both defendants.

The Hon. Janet Bond Arterton subsequently granted a portion of Ms. Broadnax's Motion for Summary Judgment, concluding that there was insufficient evidence of sexual harassment or a sexually or racially "hostile work environment."

**"Plaintiff's Amended Complaint."** The plaintiff then filed "Plaintiff's Amended Complaint" which claimed that (1) Ms. Broadnax "exhibited a photograph of an obese, pregnant white woman" to Mr. Marcarelli "and asked 'Do you remember when you used to look like this?' in the presence of another firefighter," and (2) in retaliation for Mr. Marcarelli's having filed a complaint about the incident involving the photograph Ms. Broadnax asked the Assistant Fire Chief to have Mr. Marcarelli "replaced."

-2-

Mr. Marcarelli also claimed that he filed a number of subsequent "complaints with . . . the City of New Haven . . . which [allegedly] detailed Broadnax's continued retaliation and harassment of him," with Mr. Marcarelli citing ten instances of such complaints about Ms. Broadnax in turn making false accusations to, apparently, Mr. Marcarelli. Mr. Marcarelli claimed that "[a] substantial and motivating factor in the defendant, Broadnax's conduct towards the plaintiff was Marcarelli's speech complaint about" the incident involving the photograph.

That "Amended Complaint" also claimed that the City violated Mr. Marcarelli's rights because the City (1) was deliberately indifferent to Mr. Marcarelli's complaints because the City "feared any action it took may have adverse effects in Sheryl Broadnax's pending lawsuits against the City of New Haven, (2) failed to take any disciplinary or corrective action against Ms. Broadnax, and (3) maintained a scheme or retaliatory practices and political patronage in its management of its employees."

Mr. Marcarelli then contented that he requested a transfer which he deemed a "constructive demotion . . . to a position with lesser pay and prestige."

Mr. Marcarelli claimed various deprivations of his rights.

Mr. Marcarelli has now filed his "Plaintiff's Second Amended Complaint" in which Mr. Marcarelli restates certain portions of the Amended Complaint, i.e., that (1) codefendant Broadnax was present when the photograph of "an obese, pregnant, naked, white woman was exhibited to Mr. Marcarelli by another firefighter who [sic] Marcarelli; ' Do you remember when you used to look like this?", (2) Broadnax laughed and failed to take remedial action even after Marcarelli verbally opposed the

-3-

exhibition of the photograph and the question, (3) Mr. Marcarelli subsequently filed a complaint with the City of sexual harassment by Ms. Broadnax, and (4) in retaliation for the filing of that complaint Ms. Broadnax demanded that the Assistant Chief have Marcarelli replaced."

**"Plaintiff's Second Amended Complaint."** The Second Amended Complaint also alleges that (1) copies of the photograph were posted throught New Haven fire stations and that the City "was aware of the postings and failed to act to remove them in a timely manner," and (2) Marcarelli filed subsequent complaints with the City detailing "Broadnax's [alleged] continued retaliation and harassment" of Mr. Marcarelli.

The Second Amended Complaint asserts the following alleged violations of 42 U.S.C. Section 1983 by the City: (1) the City failed to conduct meaningful investigations into Marcarelli's complaints and otherwise failed to take any disciplinary or corrective action against the defendant . . . Broadnax," (2) the City of New Haven "maintained a scheme of retaliatory practices and political patronage in its management of its employees," (3) the City "ignored Marcarelli's repeated complaints about Sheryl Broadnax," (4) Mr. Marcarelli's complaints about Ms. Broadnax "were a substantial and motivating factor in the defendant's acts or failure to act in order to chill the plaintiff's speech and punish him for exercising his free speech rights, (5) Mr. Marcarelli "decided to resign his position as Assistant Drillmaster . . . as a result of duress and coercion . . . in retaliation for Marcarelli's complaintis about Broadnax's tortious conduct against him" and Mr. Marcarelli requested a transfer which "resulted in his constructive demotion . . . to a position with lesser pay and prestige. . . ," (6) the

-4-

City "maintains a personnel system that is premised upon discriminatory, political, and arbitrary criteria, and unfair procedures," and (7) the City "deprived [Mr. Marcarelli] of wages and the liberty interest in his job.

The Second Amended Complaint claims that, pursuant to 42 U.S.C. Section 1983, the City denied Mr. Marcarelli rights to which he is entitled under "substantive due process" and equal protection guarantees of the Fourteenth Amendment to the U. S. Constitution and pursuant, and under Article 1, Sections 1, 10 and 20 of the Constitution of Connecticut.

The Second Amended Complaint also makes a variety of allegations against codefendant Broadnax, apparently asserting that Mr. Marcarelli's complaint about the incident concerning the photographs was a "substantial and motivating factor" in Ms. Broadnax's "retaliatory conduct towards" Mr. Marcarelli, in violation of the Freedom of Speech protections of the First Amendment to the U. S. Constitution, and Article 1, Section 4 of the Connecticut Constitution, and Connecticut General Statutes, Section 33-51q.

**Plaintiff fails to State a claim against the City upon which relief can be granted.**

Judge Arterton has already determined that the incident involving the photograph did not constitute sexual harassment or a "hostile work environment." That is now the law of the case.

Construed most favorably to the plaintiff, despite its variety of conclusory, repetitive and overlapping allegations, the Second Amended Complaint alleges at best

-5-

only that (1) on a single occasion Ms. Broadnax stood by while another firefighter exhibited to Mr. Marcarelli a photograph of a naked, obese, white female and made the remark "Do you remember when you used to look like this?", legally not an instance of sexual harassment, (2) Mr. Marcarelli filed a complaint with the City about that incident, (3) Ms. Broadnax made subsequent false allegations against Mr. Marcarelli, albeit not related to claims of racial or sexual harrassment, allegedly in retaliation for Mr. Marcarelli's complaint to the City about the incident with the photograph, (4) the City failed to "timely" remove copies of the photograph and Mr. Marcarelli's complaint about it which had been posted in other City firehouses although "the City" allegedly was aware of them, (5) the City failed to investigate or take other corrective action because the City "feared any action it took may have adverse effects in Sheryl Broadnax's pending lawsuits against the City of New Haven," (4) Ms. Broadnax made subsequent false allegations against Mr. Marcarelli allegedly in retaliation for Mr. Marcarelli's complaint to the City about the incident with the photograph, (5) Mr. Marcarelli subsequently brought to the attention of the City those later incidents of alleged false statements.

### Alleged denial of "substantive due process" and "equal protection."

A claim of denial of due process or equal protection made pursuant to Section 1983 cannot be used to circumvent Title VII's limitations, and may be utilized as a jurisdictional mechanism in the employment context only if there are alleged violations of substantive rights distinct from Title VII. <u>Saulpaugh</u> v. <u>Monroe Community Hospital</u>, 4 F.3d 134, 143 (2d Cir. 1993); <u>Carrero</u> v. <u>New York City</u>

Housing Authority, et al., 890 F.2d 569, 576 (2d Cir. 1989); Ericson v. City of Meriden, et al., 113 F.Supp.2d 276, 289-290  (D.Conn. 2000) (GLG).

Therefore, while a properly and sufficiently alleged claim of First Amendment retaliation may survive Judge Arterton's ruling and thus the law of the case that there was no racial or gender discrimination and no "hostile work environment," the due process and equal protection claims cannot.

Moreover, there are no factual allegations independent of those disposed of by Judge Arterton's resolution of the claims in the Original Complaint that would support such a claim of denial of due process or equal protection. 1

Also, the State Constitutional provisions relied on by the plaintiff are generally applied in the same manner as the comparable federal constitutioinal provisions, and accordingly provide the plaintiff with no greater support. 2

---

1   While plaintiff's is entitled to make good faith allegations they must be in good faith factually as well as theoretically.

As plaintiff is well aware, the allegation of sexual harassment involving the photograph were investigated by the City's Chief Investigator, with the assistance of an Assistant Corporation Counsel, with tape recorded statements taken from witness, a written report, and a supplemental report.  Moreover, the State Commission on Human Rights and Opportunities investigated the matter and the City fully cooperated in that investigation and provided, inter alia, the results of the City's investigation.

If necessary to do so we will supplement this motion with that documentation so that it can treated as a motion for summary judgment.

Indeed, we believe this misrepresentation and the other allegations that stem from it are so egregious that, upon proper motion, it warrants assessment of attorney fees against the plaintiff. Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

2   Article First, Sections 1, 10 and 20 of the Connecticut Constitution.

**Alleged retaliation for the exercise of free speech, i.e., First Amendment retaliation.**

All the plaintiff's claims of alleged wrongdoing by Ms. Broadnax concerned only his personal employment relationship with Ms. Broadnax, a patent instance of "tit for tat" allegations between Ms. Broadnax and Mr. Marcarelli, according to Mr. Marcarelli's several complaints originating with his complaint about his being shown the photograph of the pregnant, obese, white woman.

This does not state a claim that Mr. Marcarelli was commenting on matters of "public concern." Salpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir. 1993); Ericson v. City of Meriden, et al., 113 F.Supp.2d 276, 290  (D.Conn. 2000) (GLG).

**A "scheme" of "retaliatory practices" and "political patronage."**

Moreover, there is not a single factual allegation which would support the conclusory allegation that "the City maintained a scheme of retaliatory practices and political patronage" so as arguably to bring the case within "public concern" requirement as an allegation of "system-wide discrimination."

Indeed, there are no factual allegations that would support even a claim that Mr. Marcarelli was retaliated against because of political patronage.   Instead, the plaintiff's claim is that the City allegedly took no adverse action against Ms. Broadnax because the City "feared any action it took mayhave adverse effects in Sheryl Broadnax's pending lawsuits against the City."

**Alleged "constructive demotion" and alleged "failure to investigate or take other corrective action."**

The plaintiff claims a "constructive demotion" due to his decision to voluntarily seek reassignment because Ms. Broadnax had made allegedly false allegations to his face. He also claims that the City retaliated against him by failing to investigate or take other corrective action about his reports about, in turn, Ms. Broadnax's accusations to his face. 3

In both ways what plaintiff is really arguing is a "hostile work environment" claim against the City, that is, a failure of the City to take corrective action in response to a racially or sexually hostile work environment. In other words, what the Second Amended Complaint in really poses is a new "hostile work environment claim" against the City masquerading as claims of "constructive demotion" and "failure to investigate."

Again, Judge Arterton has already concluded that there was "hostile work environment," which is now the law of the case.

---

3   While plaintiff's is entitled to make good faith allegations they must be in good faith factually as well as theoretically.

We find it difficult to understand how plaintiff can claim, on the one hand, that the City failed to investigate or take other corrective action because the City "feared any action it took may have adverse effects in Sheryl Broadnax's pending lawsuits against the City of New Haven," but, on the other hand claim that the City failed to investigate or take other corrective action in retaliation.

As Judge Arterton recognized, a "hostile work environment claim" cannot be based on the single non-egregious incident of claimed sexual harassment.

Also, as to the claim of "constructive demotion" we also respectfully adopt the insightful argument of the codendant's motion to dismiss.

**Connecticut Constitution, Article 1, Section 4, and General Statutes, Section 31-51q.**

Plaintiff alleges violations of these two provisions of law only as to codefendant Broadnax.

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct 07596

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, respectively to Attorney R. Edward Phillips, c/o Law Office of Warren Miller, One Union Plaza, 2d Floor, P. O. Box 116, New London, CT 06320-0116, and Attorney Rene Gerard Martineau, c/o Del Sole & Del Sole, 46 South Whittlesey Avenue, P. O. Box 310, Wallingford, CT 06492-0310, this 24th day of October, 2003.

_____
Martin S. Echter

-10-