IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
MATTHEW MARCARELLI

V.                                                                  3:01 CV 2210 (JGM)

CITY OF NEW HAVEN ET AL.                            DATE: OCT. 31, 2003
------------------------------------------------------x

## ORDER

On April 24, 2003, defendant Broadnax filed a Motion for Summary Judgment (Dkt. #47), which U.S. District Judge Arterton granted in part and denied in part in an oral ruling on May 9, 2003. (Dkts. ##54 & 64). In her oral ruling, Judge Arterton granted defendant's motion with respect to plaintiff's claim for sex harassment (Dkt. #64, at 12-15, 16), but denied the motion with respect to plaintiff's claim for retaliation under the First Amendment (id. at 15-16). Judge Arterton instructed plaintiff's counsel to file an amended complaint consistent with her ruling.

Shortly thereafter, on May 28, 2003, plaintiff filed his Corrected Amended Complaint (Dkt. #60), which included the following five counts: violation of plaintiff's First Amendment rights (First Count); violation of CONN. GEN. STAT. § 31-51q (Second Count); violation of plaintiff's substantive Due Process rights under the Fourteenth Amendment (Third Count); violation of plaintiff's Equal Protection rights under the Fourteenth Amendment (Fourth Count); and violation of CONN. CONST. Art. 1, §§ 1, 10 & 12 (Fifth Count).[1]

On May 12, 2003, the parties consented to trial before this Magistrate Judge. (Dkt. #57). On August 8, 2003, defendant Broadnax filed her Objection to Plaintiff's Corrected

---

[1] Plaintiff's original Complaint, filed November 28, 2001, made additional claims, including sex harassment (Count One) and intentional infliction of emotional distress (Count Six).

AO 72A
(Rev. 8/82)

Amended Complaint (Dkt. #65), arguing that plaintiff has interposed additional allegations that were not part of his original complaint (specifically ¶ 13), failed to specify which counts were directed to which defendants, and improperly added claims for damages which were not contained in the original complaint (specifically seeking punitive damages pursuant to CONN. GEN. STAT. § 52-237, and seeking attorney's fees pursuant to 42 U.S.C. §§ 1981 & 1983). On September 3, 2003, this Magistrate Judge issued an Order, directing plaintiff to file a revised complaint consistent with Judge Arterton's oral ruling. (Dkt. #66).

On September 18, 2003, plaintiff filed his Second Corrected Amended Complaint (Dkt. #67). On October 16, 2003, defendant Broadnax filed her Motion to Dismiss plaintiff's second count in her Second Corrected Amended Complaint, for failure to state a claim for retaliation, and brief in support. (Dkts. ##70-71).[2] In her Motion to Dismiss, defendant Broadnax relies on extrinsic documents. Eight days later, defendant City of New Haven filed its Motion to Dismiss. (Dkt. #72). In its brief, defendant City of New Haven refers to certain investigatory reports, and suggests that the Court may wish to treat this motion as one for summary judgment. (Dkt. #72, at 7 n.1).

The Court, electing to rely on such documents, is obligated to convert the Motion to Dismiss to one for summary judgment and give the parties an opportunity to submit additional supporting material contemplated by Rule 56. See Carter v. Stanton, 405 U.S. 669, 671 (1972)(per curiam).

Accordingly, defendant Broadnax will <u>file her Local Rule 56(a)1 Statement **on or**</u>

---

[2] The following unnumbered exhibits are attached: copy of excerpts from transcript of Status Conference & Ruling on Summary Judgment Motion, dated May 9, 2003; excerpts from Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production to Plaintiff Matthew Marcarelli, dated March 21, 2002; copies of memoranda, dated December 7, 1998 and December 8, 1998; copy of unsigned letter from plaintiff, dated December 9, 1998; copy of Official Grievance Form, dated December 28, 1994; copy of memorandum, dated 1998; copy of unsigned correspondence, dated December 10, 1998; copy of affidavit, dated March 22, 1999; copy of correspondence, dated March 23, 1999; and copy of correspondence dated, April 30, 1999.

2

before November 14, 2003, defendant City of New Haven will file its Local Rule 56(a)1 Statement on or before November 14, 2003, and defendant City of New Haven may supplement its Motion to Dismiss on or before November 14, 2003.

Currently, plaintiff's brief in opposition to defendant Broadnax s' Motion to Dismiss is due November 6, 2003, and he has filed a Motion for Extension for an additional thirty days. (Dkt. #73). Accordingly, plaintiff will file his briefs in opposition and Local Rule 56(a)2 Statements on or before December 8, 2003. Defendants may file reply briefs on or before December 22, 2003.

Dated this 31st day of October, New Haven, Connecticut.

Joan Glazer Margolis
United States Magistrate Judge

3