**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

F I L E D

2003 NOV 17 P 5: 09

MATTHEW MARCARELLI,    :    NO. 3:01CV02210 (JGM)
    Plaintiff

U.S. DISTRICT CO...
NEW HAVEN, CON...

VS.                           :

CITY OF NEW HAVEN, ET AL. :    **NOVEMBER 17, 2003**
    Defendants

### DEFENDANTS' RULE 56(a)1  STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The defendant City of New Haven sets forth the following Local Rule 56(a)

Statement of Material Facts Not In Dispute, filed in support of the defendants' motion

for summary judgment.

**Material Facts Not In Dispute.**

1.   At all times relevant the Defendant City of New Haven has been and is a

municipal corporation organized and operating under the laws of the State of

Connecticut.  **Exhibit A, Article I.**

2.   At all times relevant the New Haven Department of Fire Services has been

and is a department of the City of New Haven pursuant to the Charter of the City.

**Exhibit A, Articles XXI and XXII.**

3.   On or about December 7, 1998 plaintiff Matthew Marcarelli and defendant

Sheryl Broadnax were both employees of the New Haven Department of Fire

Services, Mr. Marcarelli serving as an Assistant Drillmaster and Ms. Broadnax

serving as Drillmaster, i.e., Mr. Marcarelli's immediate supervisor.   **Second**

**Amended Complaint, paragraphs 1 and 2.**

4. Since 1983, and continuing to the present, the City of New Haven and its

Fire Service have had policies prohibiting discrimination and harassment based on

gender or sex, a copy of which is incorporated by reference and appended hereto as **Exhibit B1 through B4.** The policy against sexual discrimination and harassment is also reflected in the Collective Bargaining Agreement in effect between the City and the Union representing Mr. Marcarelli. **Exhibit C.**

5. On or about December 8, 1998 Matthew Marcarelli submitted a written complaint to the Director of Training, alleging, in essence, that he had been subjected to "humiliation of a sexual nature" when Firefighter Freeman Troche displayed a drawing of a naked white woman and made a related comment, all allegedly in the presence of Sheryl Broadnax, a copy of which is incorporated by reference and appended hereto as **Exhibit D.**

6. At all times relevant the Corporation Counsel was, and is, "the chief legal advisor of and attorney for the city and of all officers and departments thereof in matters relating to their official duties," pursuant to the Charter of the City. **Exhibit A, Article VI.**

7. An investigation of the incident alleged in Mr. Marcarelli's complaint was promptly initiated, with Mr. Richard Bayer, the Chief Investigator of the Office of the City Corporation Counsel, conducting tape recorded interviews and Assistant Corporation Counsel Audrey Kramer sitting in on certain of the said interviews. **Exhibit E.**

8. As a result of such investigation Mr. Bayer produced a Report, and later a Supplemental Report, both of which are incorporated by reference and appended hereto as **Exhibits F1 and F2.**

-2-

9. After receiving Mr. Bayer's initial report, and in the exercise of his discretion and judgment, the Fire Chief concluded that the allegation of "sexual harassment" against Ms. Broadnax "proved to be unfounded." A copy of that conclusion is incorporated by reference and appended hereto as **Exhibit G**.

10. On or about January 28, 1999 the then Corporation Counsel also responded to an inquiry from a Member of the Board of Fire Commissioners about the incident, complaint and investigation, a copy of which is incorporated herein by reference and appended hereto as **Exhibit H**.

12. However, Fire Chief Dennis Daniels did discipline Firefighter Freeman Troche, the individual who had actually displayed the drawing and made the comment about which Mr. Marcarelli had complained. **Exhibit I.**

13. Mr. Marcarelli also initiated a Grievance pursuant to the applicable collective bargaining agreement which also prohibits discrimination based on sex, and that Grievance was investigated and expressly responded to. Copies of the relevant collective bargaining agreement provisions, Mr. Marcarelli's Grievance and the response are incorporated herein by reference and appended hereto as **Exhibits J1, J2 and J3.**

14. Mr. Marcarelli also initiated a complaint of sexual discrimination, based on the same incident of December 7, 1998 with the Connecticut Commission on Human Rights and Opportunities (hereinafter CHRO), a copy of which is incorporated herein by reference and appended hereto as **Exhibit K.**

-3-

15. Fully cooperating in that investigation the City of New Haven filed a written response to that CHRO complaint, a copy of which is incorporated herein by reference and appended hereto as **Exhibit L**.

16. The CHRO, by letter dated August 12, 199,, incorporated herein by reference and appended hereto as **Exhibit M**, concluded in essence that there was no discrimination and, expressly, that the City "did investigate. . . ."

17. Mr. Marcarelli moved for reconsideration of the CHRO decision and the CHRO reaffirmed its initial decision. **Exhibits N1 through N5.**

18. At all relevant times the City of New Haven, by Charter, **Exhibit A, Article XXX**, and Civil Service Rules & Regulations, **Exhibit O**, has maintained a hiring and promotional civil service based on merit and in compliance with the laws of the State of Connecticut, Connecticut General Statutes, Sections 7-407 et seq.

18. Contrary to the allegation that the City failed to discipline Ms. Broadnax out of fear due to her pending lawsuits, the City has defended each of those lawsuits to verdict, and posttrial motion or appeal upon adverse verdict, and the City terminated Ms. Broadnax employment, albeit for distinct reasons. **Exhibits P1 through P14.**

-4-

Respectfully submitted,

Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Fed. Bar No. ct07596
PAGER: 1-860-590-4432

## Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be MAILED, POSTAGE PREPAID, BY OVERNIGHT MAIL, respectively to

Attorney R. Edward Phillips, c/o Law Office of Warren Miller, One Union Plaza, 2d Floor, P. O. Box 116, New London, CT 06320-0116, and

Attorney Rene Gerard Martineau, c/o Del Sole & Del Sole, 46 South Whittlesey Avenue, P. O. Box 310, Wallingford, CT 06492-0310,

this 17th day of November, 2003.

Martin S. Echter

-5-



# CHARTER

---

### City of

# NEW HAVEN, CONNECTICUT

---

**Published by Order of the**
**Board of Aldermen**

---

MUNICIPAL CODE CORPORATION

Tallahassee, Florida          1962
(Reprinted)          1975
                     1977
                     1978
                     1980
                     1993

Art. I, § 1                    NEW HAVEN CODE

Art.   XXXIII.    Department of Airports, §§ 200—204
Art.   XXXIV.     Retirement and Pension Systems, § 205
Art.   XXXV.      Certain Laws Included by Reference, §§ 206, 207
Art.   XXXVI.     Salaries of Elected and Appointed Officials, § 208
Art.   XXXVII.    Code of Ethics, §§ 209—213
Art.   XXXVIII.   Department of Traffic and Parking, §§ 214, 215
Art.   XXXIX.     Administrative Provisions, §§ 216—218

## PREAMBLE

Recognizing the rich diversity of the people of the City of New Haven throughout its history, it is the public policy of the City of New Haven to ensure full and equitable participation of all citizens in all aspects of the life of the city without regard to race, color, religion, creed, sex, age, marital status, familial status, sexual orientation, national origin, ancestry or handicap.

## ARTICLE I. INCORPORATION

### Sec. 1. City incorporated, corporate rights.

All electors of this state dwelling within the limits hereinafter specified shall be a body politic and corporate by the name the "City of New Haven," and as such, and by that name, they and their successors shall have perpetual succession, and shall be a person in law capable of suing and being sued, pleading and being impleaded in all suits, may have a common seal and alter or change the same at pleasure, and shall have power of purchasing, holding and conveying any estate, real and personal, and shall remain absolutely vested with the title to and improvement of all the city lands, tenements, hereditaments, rights and estates, which, since the original incorporation of the city, have become vested in the city, and where the city never has been lawfully divested hitherto. The term "city" as used in this charter, unless the context otherwise indicates, shall be taken to include the town of New Haven.

## ARTICLE II. TERRITORIAL LIMITS

### Sec. 2. Established.

The territorial limits and boundaries of the town of New Haven comprise the same territory embraced within the thirty-three

wards of the ci
1921 (Sp. L. pp
approved April
approved May
approved April

## ARTICL

### Sec. 3. Ward:

The City of N
of which an al
said city to be l
November, 198
each ward as t
cordance with
Map, City of N
tion, both of w
office.

### Sec. 4. Plan of
#### of ald
#### mayor
#### certai

(a) The estab
be consistent w

(b) If the sta
accordance with
of aldermen of t
the date such
plan of redistri
so doing, the b
the number of

(c) If the sta
board of alderm
months of the e
of New Haven s
fifteen resident

ːch successive consec-
performs the official
ɔr his services at the
ɔther amount that the
or shall be prevented
absence from the city
ɛ than twenty consec-
ive, commencing the
y as would be paid to

on.

· cause whatsoever, be
for a period exceeding
᾽ mayor, the board of
g in the manner con-
ɛmove the mayor and
account of such inca-
ɔved may appeal from
ɔrovided herein for an
᾽.

, mayor-elect.

·f mayor, the president
ɩecome mayor for the
powers and duties of
ɪsation otherwise due
ɔoard of aldermen and
ːome vacant whenever
yor, and the president
ɔecome president. The
ɩew president pro tem-
ɛct shall die or become
luties of said office be-
ːst day of the term to
the city then in office
ɪrs and duties thereto
ɛlected at said election
ɪarter. Thereupon the

succession to the mayoralty shall proceed in the manner herein provided for filling said office in the event of a vacancy therein.

### Sec. 16. Mayor's Staff and Council of Economic Advisors.

(a) The mayor shall appoint a secretary to the mayor and other employees of his office who shall be under the direction of the mayor and removable at his pleasure.

(b) The mayor shall appoint a nine-member council of economic advisors to advise the mayor on economic matters affecting the city. The mayor may appoint one of the members the chairman, and either the chairman or the mayor may call meetings of the council at such times as either may deem appropriate. Members of the council may be removed and replaced at the pleasure of the mayor.

## ARTICLE VI. CORPORATION COUNSEL

### Sec. 17. Appointment, qualifications, term.

There shall be in said city a corporation counsel who, at the time of appointment, shall have been an attorney and counselor at law of this state for not less than ten years, and shall reside in said city during the term of office. The corporation counsel shall be appointed by and subject to the authority of the mayor, and shall serve a term coterminous with that of the mayor who appointed him. Said corporation counsel shall be responsible for the efficiency, discipline and good conduct of the department.

### Sec. 18. General duties.

The corporation counsel shall be the chief legal advisor of and attorney for the city and of all officers and departments thereof in matters relating to their official duties. When so requested said corporation counsel shall give advice in writing to the board of aldermen, and committees of board of aldermen, the mayor, any head of a department or office of the city or any person or committee appointed for inquiry or investigation upon any question of law involving their respective powers or duties. All written opinions so given by said corporation counsel shall be recorded in

an index book, which book shall be kept in the office of the corporation counsel and shall be the property of the city. Said corporation counsel shall, when so directed by the mayor or board of aldermen, represent the city in all matters pending before the General Assembly affecting the interests of said city, and the corporation counsel or the assistant corporation counsels at the direction of the corporation counsel, shall perform all other legal services which may be required by the board of aldermen or by law or ordinance. Said corporation counsel shall prosecute or defend all suits for or against the city and shall prepare all contracts, bonds and instruments in writing in which the city is concerned and endorse on each approval of the form and correctness thereof. Said corporation counsel shall annually, on or before the fifteenth day of January, make a written report to the mayor of the doings of the office of the corporation counsel for the fiscal year preceding, showing the condition of all unfinished business in said corporation counsel's hand, and give all further additional information which the mayor may desire in regard to the condition of said corporation counsel's department at any time.

## Sec. 19. Deputies and assistants.

The mayor shall appoint deputy and assistant corporation counsels, all of whom shall have been admitted to the bar of the state of Connecticut and shall have been practicing attorneys for at least two years, each to hold office for the term of one year from said appointment or until their successor shall be appointed and duly qualified. All deputy corporation counsels shall reside in said city during their term of office. Said deputy and assistant corporation counsels shall perform such service as the corporation counsel may direct. The salary of each such deputy and assistant corporation counsel shall be fixed by the budget, which sum shall be in lieu of any and all compensation for any services required by the city of said officer. The mayor may, if in said mayor's opinion the interests of the city require it, appoint additional special assistant corporation counsel or counsels whose salary shall also be fixed by the budget. Any and all provisions of the charter of the City of New Haven inconsistent with this amendment are hereby repealed.

**Sec. 20. Litigation**

There shall be a l
the mayor, the cont
pointed by the may
financial review an
same political party
two members of the
who shall not be o
fellow aldermen. Ne
or assistant corpora
behalf of the city of
would bind the city
dollars, or such gre
approve from time
proved by the litiga

**ARTICLE**

**Sec. 21. Appointı
deputy c**

There shall be a
the city controller.
training and at leas
and finance based u
have at least a bacl
ilar field. He shall i
shall, under the cha
direction of the mi
affairs of the city, e
The controller shal
otherwise incapabl
filed in the office o
the city, designate
to act as controller
said deputy control
duties and authori
specified in said a

ice of the cor-
city. Said cor-
or or board of
ng before the
city, and the
unsels at the
ll other legal
dermen or by
secute or de-
pare all con-
h the city is
and correct-
, on or before
to the mayor
for the fiscal
hed business
er additional
to the condi-
time.

ration coun-
of the state
neys for at
e year from
pointed and
ll reside in
d assistant
corporation
d assistant
a sum shall
required by
r's opinion
special as-
all also be
rter of the
are hereby

## Sec. 20. Litigation settlement committee.

There shall be a litigation settlement committee consisting of the mayor, the controller, the coordinator for administration appointed by the mayor, or their designees, two members of the financial review and audit commission who shall not be of the same political party, elected by their fellow commissioners, and two members of the finance committee of the board of aldermen, who shall not be of the same political party, elected by their fellow aldermen. Neither the corporation counsel, nor any deputy or assistant corporation counsel, may enter into a settlement on behalf of the city of any matter in litigation, the result of which would bind the city to make a payment in excess of five thousand dollars, or such greater amount as the board of aldermen may approve from time to time, unless said settlement has been approved by the litigation settlement committee.

# ARTICLE VII. DEPARTMENT OF FINANCE

## Sec. 21. Appointment, qualifications, removal, supervision; deputy controller.

There shall be a department of finance under the direction of the city controller. The controller shall be chosen on the basis of training and at least five years of broad experience in accounting and finance based upon nationally accepted standards, and shall have at least a bachelor's degree in accounting, finance or a similar field. He shall reside in said city during his term of office. He shall, under the charter and ordinances, be subject to the general direction of the mayor in all matters relating to the financial affairs of the city, except as herein otherwise expressly provided. The controller shall be bonded. The controller whenever absent or otherwise incapable of acting, may, by appointment in writing, filed in the office of the city clerk and recorded in the records of the city, designate the deputy controller in the controller's office to act as controller and when so appointed and acting thereunder, said deputy controller shall have and exercise such of the powers, duties and authority of the controller and only such, as may be specified in said appointment, unless and until revoked by the

Art. XX, § 101          NEW HAVEN CODE

shall at all times be a resident and elector of said city while
serving in the capacity of chief of police. Said chief shall have an
adequate knowledge of the organization and administration of a
city police department and shall also have had experience of at
least five years in the management and direction of supervisors of
operations of a police department with at least 200 employees
serving a population of at least 100,000 residents. Said chief shall
have earned at least a bachelor's degree from an accredited in-
stitution of higher education prior to being considered for the
position. Said chief shall be responsible for the efficiency, disci-
pline and good conduct of the department of police service. The
person in office as chief of police on the effective date of this
charter shall hold office until the successor of such chief has been
duly appointed and qualified.

### Sec. 102. Board of police commissioners; created; appoint-
ment; term; general duties, powers.

There shall be in the department of police service a board of
police commissioners consisting of six commissioners who shall
advise and consult with the chief of police concerning matters
pertaining to the chief's duties and to the conduct of the depart-
ment, and together with the chief shall make all rules and regu-
lations relating to the administration of the department which it
may deem necessary or advisable, which rules shall be printed
and made available to the public. In general, the board of police
commissioners shall be responsible for policy making, with the
advice of the chief of police, and for the evaluation of such poli-
cies. During the month of January each year the mayor shall
appoint two members of said board for a term of three years from
the first day of February next succeeding. No more than three
members of said board, in addition to the mayor, shall at any one
time belong to the same political party. The members of the board
of police commissioners first to hold office at the effective date of
this charter shall continue to hold said offices for the terms for
which they were appointed.

### ARTICLE XXI. DEPARTMENT OF FIRE SERVICE

### Sec. 103. Supervision by chief; appointment; qualifications,
term, removal of chief.

The fire chief shall be the head of the department, appointed by
and subject to the authority of the mayor. Said chief shall at all

' said city while
ief shall have an
ministration of a
experience of at
of supervisors of
t 200 employees
s. Said chief shall
an accredited in-
insidered for the
efficiency, disci-
lice service. The
tive date of this
ch chief has been

reated; appoint-
rs.

ervice a board of
sioners who shall
ncerning matters
uct of the depart-
ll rules and regu-
artment which it
shall be printed
he board of police
making, with the
ation of such poli-
the mayor shall
f three years from
more than three
r, shall at any one
nbers of the board
ie effective date of
for the terms for

E SERVICE

it; qualifications,

nent, appointed by
d chief shall at all

times be a resident and elector of said city while serving in the capacity of fire chief. The person in office as fire chief on the effective date of this charter shall hold office until a successor has been duly appointed and qualified. Said chief shall have an adequate knowledge of the organization and administration of the city fire department and shall also have had experience of at least five years in the protection of the city against danger from fire and in the management and direction of fire department personnel. Said chief shall have received at least a fire services degree before being considered for the position. Said chief shall be responsible for the efficiency, discipline and good conduct of the department of fire service.

### Sec. 104. Board of fire commissioners; created; membership, appointment, duties.

There shall be in the department of fire service a board of fire commissioners consisting of five members. Said board of fire commissioners shall advise and consult with the fire chief concerning matters pertaining to the chief's duties and to the conduct of the department, and together with the chief shall make all rules and regulations relating to the administration of the department which it may deem necessary or advisable, which rules shall be printed and made available to the public. During the month of January each year the mayor shall appoint for a term of three years from the first day of February next succeeding such number of commissioners as may be necessary to fill vacancies arising by reason of the expiration of terms. The members of the board of fire commissioners first to hold office at the effective date of this charter shall continue to hold said offices for the terms for which they were appointed. Not more than three members of said board shall at any one time belong to one political party. Said board of fire commissioners shall have authority to make a contract with corporations and individuals outside of the areas now served by the municipality and outside of the limits of said city, granting such corporations and individuals fire protection for such compensation as may be deemed just and proper, subject to the approval of the board of aldermen.

### Sec. 105. Fire marshal.

One of the officers of said department of fire service shall be a fire marshal whose duty it shall be to inspect from time to time all

school houses and other public buildings, and all buildings in which any public assemblies, exhibitions, entertainments or shows are held, for the purpose of ascertaining whether such buildings are in danger of damage or destruction from fire, and whether the ordinances concerning means of exit from such buildings are obeyed. It shall also be his duty to inspect, whenever he may deem it necessary, any building in the city, with a view of ascertaining whether the ordinances and the laws of Connecticut relating to the use and condition of buildings are obeyed, and he shall perform all other duties required by law in regard to the inspection of buildings. It shall be his duty whenever he may deem it necessary to report all unsafe buildings and all violations of such laws to the building official and the prosecuting attorney of the City of New Haven. In the absence of a fire marshal the chief shall act as fire marshal.

# ARTICLE XXII. GENERAL PROVISIONS CONCERNING THE POLICE AND FIRE SERVICES

## Sec. 106. Duties of chiefs of police and fire departments.

The chief of each of the police and fire departments respective shall be the chief executive officer of the department and shall be chargeable for its efficiency and responsible for the execution of all laws and rules and regulations of the department. Each chief shall have control of all the property of said city used for and by said departments and shall provide for heating, lighting and repairs of the buildings used by such departments. The chief of each department respectively shall assign to duty all the members of the department, making such changes from time to time as in their respective judgment the efficiency of the department may require. Each chief shall have the power to suspend, without pay, any member of the regular force; provided, however, that no such suspension shall be continued for a period of not more than fifteen days without affirmative action by the commissioners of the department which action shall not be taken until after a hearing upon charges preferred in writing; a copy of such charges shall be left with said officers at least forty-eight hours prior to the time fixed for such hearings. Each chief shall have power to grant

leaves of absence
ceeding five days
changes or assign

## Sec. 107. Effect

When this char
departments shal
ject to the provisi

## Sec. 108. Existi

All lawful city
ments and to an
either of said dep
effect of this cha
continued in effe
petent authority.

## Sec. 109. Polic
liquo

No commission
gist shall, either
or directly or inc
intoxicating liqu

## Sec. 110. Pow
ploy
prom

Each of said b
appointment an
respective depar
may adopt for th
rules. Four mer
three members c
a quorum for th
promotions in th
affirmative vote
otherwise provi

leaves of absence to members of the force for a period not exceeding five days, reporting to the board of commissioners all changes or assignments of office and absence granted.

### Sec. 107. Effect of charter on existing police, fire personnel.

When this charter takes effect all officers and employees of said departments shall continue to hold their respective positions subject to the provisions thereof.

### Sec. 108. Existing ordinances continued in effect.

All lawful city ordinances relating to either of said departments and to any officer thereof and all of the regulations of either of said departments in force at the time fixed for the taking effect of this charter and not inconsistent herewith, are hereby continued in effect until the same shall be duly amended by competent authority.

### Sec. 109. Police commissioners not to deal in intoxicating liquors.

No commissioner on said police board excepting a licensed druggist shall, either as principal, agent, or employee, be engaged in or directly or indirectly interested in the manufacture or sale of intoxicating liquors.

### Sec. 110. Power of boards of commissioners over employees; quorum; vote required for appointments, promotions.

Each of said boards of commissioners shall have sole power of appointment and promotion of all officers and employees of their respective departments, under such rules and regulations as they may adopt for the purpose, and in accordance with civil service rules. Four members of the board of police commissioners and three members of the board of fire commissioners shall constitute a quorum for the transaction of business. No appointments or promotions in the police department shall be made except by the affirmative vote of not less than four commissioners, except where otherwise provided.

## Sec. 111. Removal, demotion, suspension authorized, procedure.

Each of said boards of commissioners shall have power, for cause, after a hearing on charges, made in writing, to remove, reduce in rank, or suspend without pay any officer or employee in its department that it has power to appoint. No removal, reduction in rank, or suspension shall be made for political reasons. Charges against any officer or employee shall be preferred by the chief, served upon the person accused at least forty-eight hours before the time fixed for a hearing, and presented to the board of commissioners of the department to which such officer or employee may belong.

## Sec. 112. Appeal from removal, demotion, suspension.

Any office or employee aggrieved by the action of said board may make his application to any judge of a court of competent jurisdiction within and for New Haven County in the nature of an appeal from such order of the board of commissioners, which application shall be made returnable not more than twelve nor less than three days from the date of such order of the commissioners, and a copy thereof shall be served upon the city clerk at least forty-eight hours before the day on which it is made returnable. Said judge having given such further notice as he may deem necessary, shall forthwith hear said application, and may approve, modify, or revoke such order, and may award costs at his discretion. During the pendency of said application such order of the commissioners shall have full force and effect, subject, however, to the power of said judge if such order shall be modified or revoked to make his decree relate back to the date of such order.

## ARTICLE XXIII. DEPARTMENT OF PARKS AND RECREATION

## Sec. 113. Created; director as head of department.

There shall be in said city a department of parks and recreation, which shall consist of a director of parks and recreation, a board of park commissioners and such a number of employees as

greater or less than its original request, it shall forthwith revise its detailed estimate of its expenditures in accordance therewith.

### Sec. 154. Purchases for department.

The department shall purchase supplies and materials for the schools through the purchasing agent. However, the purchasing agent shall not vary the specifications as to standards or quantity contained in the requisitions of the department for such supplies and materials.

### Sec. 155. Power to take property for schools.

The City of New Haven, upon the recommendation of the board of education, shall have power to take sites for school houses, or for the enlargement of sites already acquired, in the manner provided by law for the taking of land for public parks.

## ARTICLE XXX. PERSONNEL AND CIVIL SERVICE

### Sec. 156. Created; composition.

There shall be in the city a civil service board and a department of personnel consisting of a personnel director and such other employees as shall be provided in the budget.

### Sec. 157. Civil service board; membership, appointment, qualifications.

Five persons who shall serve without pay and be appointed by the mayor shall constitute a civil service board. The necessary expenses of said board shall be paid by the city after approval by the controller. All citizens now members of said civil service board shall continue to be members of said board during the term for which they were appointed, unless sooner removed for cause under the provisions of this charter. Annually in the month of January, the mayor shall appoint a member of said civil service board for a term of five years from the first day of February next succeeding the appointment. Not more than three of the citizen members appointed by the mayor shall at any time be members of the same

Art. XXX, § 157          NEW HAVEN CODE

political party, and none of such citizen members shall hold any other city office.

## Sec. 158. Rule-making power of board; duty to provide examinations.

It shall be the duty of said board:

(a) To prescribe rules for ascertaining the competency of applicants for positions or promotions for all positions in the city government except for elective officers, commissioners, officials appointed by the mayor, superintendents, assistant superintendents, principals and teachers employed by the board of education and the librarian, all professional librarians, and superintendents of the different departments of the public library;

(b) To review and approve or disapprove job descriptions and job qualifications and revisions to the classification plan as proposed by the director of personnel, and to notify the director of personnel in writing of such actions, with reasons therefore in the event of disapproval;

(c) To hear and decide appeals from the decisions of the director of personnel pursuant to section 166(i) relating to the determination of eligibility of persons and their qualifications for positions in the classified service; and

(d) To certify lists of eligible candidates for positions in all departments, based upon the determinations of qualifications and scores of examinations certified to the board by the director of personnel and the board's determination that its rules have been complied with.

## Sec. 159. Procedure for changing rules; rules to be public records.

Whenever said board shall have adopted any rules under any of the different provisions of this section, said rules shall not be changed except after public hearing advertised at least three times in some daily newspaper published in New Haven, giving at least two weeks' notice of such proposed change. All rules of said board shall be public records.

nbers shall hold any

duty to provide ex-

le competency of ap-
r all positions in the
icers, commissioners,
perintendents, assis-
eachers employed by
rian, all professional
he different depart-

job descriptions and
classification plan as
el, and to notify the
ich actions, with rea-
roval;

e decisions of the di-
ion 166(i) relating to
rsons and their qual-
ed service; and

s for positions in all
iinations of qualifica-
tified to the board by
oard's determination
th.

s; rules to be public

any rules under any of
iid rules shall not be
sed at least three times
Haven, giving at least
All rules of said board

## Sec. 160. Appointments, promotions, removal to conform to rules.

Whenever said board shall have adopted rules relative to the appointment or promotion of any class of such officials, no appointments or promotions within such class shall be made except from those applicants with the three highest scores of those who shall have passed an examination with a score of at least seventy percentum and have received a certificate to that effect from said board, and are upon the list of those eligible to such position or promotion under the rules of said board, excepting supernumerary police and substitute fire personnel. And after the adoption of such rules no removal shall be made of persons holding positions in any department of the city, subject to the provisions of such rules, except for sufficient cause duly shown, which cause shall not be political.

## Sec. 161. Appointments, removals violating charter declared void; certification of payrolls.

Any appointment or removal made in violation of the provisions of this charter shall be null and void; and it is hereby made the duty of the controller to refrain from making any payment to any persons in the classified service unless the making of such payment is certified by the director of personnel. And said controller shall be chargeable by the city with all moneys unlawfully paid to persons appointed in violation of the provisions of this Article.

## Sec. 162. Penalty for violating sections 156 through 161.

Any violation of any of the provisions of the foregoing sections relating to civil service and appointment thereunder shall be a misdemeanor, and any official found guilty of such offense may be punished by a fine not exceeding one hundred dollars or thirty days in jail or both.

## Sec. 163. Appointment, duties of president and secretary.

Biennially the civil service board shall elect from its members a president who shall call and preside at all meetings of the board, execute documents on the board's behalf, and perform such other

duties as are customary to the office. The board shall choose a secretary for a term of ten years who shall be subject to a civil service examination before appointment and shall hold said position for such term during good behavior, provided, upon the termination of any such term said board may reappoint the secretary for an additional ten-year term without competitive examination. Any such secretary may be removed for cause, which shall be nonpolitical, after due hearing upon written notice served on the secretary ten days before the date of the hearing. It shall be the duty of the secretary:

(a) To attend all meetings of the civil service board;

(b) To keep correct records of the civil service board;

(c) To prepare and keep in the register on file in the office of the director of personnel a list of those eligible for positions in all departments, said list to be filed within twenty-four hours after it shall have been certified by the civil service board;

(d) To send out all official notices;

(e) To perform all other official duties as instructed by the civil service board.

### Sec. 164. Effect of charter on existing rules of board.

The rules of the civil service board in effect at the effective date of this charter are hereby confirmed; but within a period of one hundred eighty days subsequent to the effective date of this charter, the civil service board shall restudy its rules and make any changes according to the provisions of this charter, and such revised rules shall be published immediately for distribution to all interested persons. The controller shall provide funds for such publication.

### Sec. 165. Appointment, qualifications of personnel director.

The personnel director shall be appointed by the mayor from a list of three persons with the highest ratings obtained in a civil service examination held to determine eligibles for said position.

Qualifications for candidates shall be set forth in the classification plan hereafter defined.

### Sec. 166. Powers, duties of personnel director.

The director of personnel shall have the power and the duty:

(a) To assist employees in availing themselves of any provisions relating to personnel grievances and labor relations.

(b) To furnish and recommend to the civil service board job descriptions, qualifications and the compensation range relating to positions to be filled.

(c) To prepare in accordance with nationally accepted professional standards and recommend to the civil service board qualifications for each department head, whether or not a member of the classified service, which standards shall be reviewed and updated every five years and when a vacancy occurs in the position.

(d) To maintain a roster of all persons in the city's service, in which there shall be set forth as to each officer and employee, the class title of the position held, the salary or pay, any changes in class, title, pay or status; and such other data as may be deemed desirable or useful to produce significant facts pertaining to personnel administration.

(e) To certify all payrolls for persons in the classified service, and no payment for personal service to any person in the classified service of the city shall be made unless the payroll voucher bears the certification of the personnel director or his or her authorized agent that the persons mentioned therein have been appointed and employed in accordance with the provisions of this charter.

(f) To assist in developing programs of training and education for persons in the municipal service.

(g) To investigate periodically the operation and effect of the personnel provisions of this charter and report semiannually any findings and recommendations to the mayor.

Art. XXX, § 166          NEW HAVEN CODE

(h)  To appoint and remove, subject to the provisions of this charter, all employees in the office of the director of personnel.

(i)  To advertise for candidates for examination for all positions, and to determine the eligibility of applicants for all positions in accordance with this charter, the rules established by the civil service board, and the qualifications of the position. Public notice of all competitive examinations shall be given by one advertisement inserted in each of the daily newspapers published in the City of New Haven not less than fifteen days prior to the date set for each such examination.

(j)  To prepare, conduct and score examinations of qualified applicants for all positions in the classified service and to certify the results thereof to the civil service commission.

(k)  To maintain records of all applicants, their qualifications and scores. The records of successful candidates shall be public records.

## Sec. 167. Classified and unclassified services established.

The civil service of the city shall be divided into the unclassified and classified service. The unclassified service shall comprise: (a) officers elected by the people and persons appointed to fill vacancies in the elective offices; (b) members of boards and commissions appointed by the mayor; (c) city assessors; the city planning director, the librarian, assistant librarians and the superintendents of the different departments of the public library and the director of parks and recreation and the heads of departments appointed by the mayor excepting the director of personnel; (d) the secretary, superintendents, assistant superintendents, supervisors, directors, principals and teachers employed by the board of education; (e) the secretary and employees to the mayor; (f) the corporation counsel, assistant corporation counsels and any deputy corporation counsels; (g) persons employed in a professional or scientific capacity to make or conduct a temporary or special inquiry, investigation or examination and special investigators in any department; (h) patient or inmate help in the city, charitable, penal and correctional institutions from the ef-

fective date of this charter; (i) truck drivers, operators, and entry level field persons, maintenance persons and laborers who are not presently under civil service, in the department of public works; (j) supernumerary police and substitute fire personnel who shall, however, be selected by civil service examination and thereafter shall be eligible for appointments to the lowest classified grade in the respective departments, and (k) appointed employees of the registrar of voters in accordance with section 9-192 of the general statutes. The classified service shall comprise all positions not specifically included by this section in the unclassified service and all appointments and promotions therein shall be made according to merit and fitness to be ascertained so far as practicable by competitive examinations.

## Sec. 168. Classification plan; establishment, contents, changing.

Within two years after the effective date of this charter amendment, the director of personnel shall prepare and submit to the civil service board for approval and thereafter shall maintain an up to date classification plan containing a record of the qualifications, authority, duties and responsibilities of each position in the classified service. After such classification plan is approved, the director of personnel shall review the plan in its entirety and recommend such changes as he or she may deem appropriate to the civil service commission not less frequently than every nine years. Changes in the classification plan shall become effective when approved by the civil service board. The class title set forth in the classification plan shall be used to designate such positions in all official records, documents, vouchers and communications, and no persons shall be appointed to or employed in a position in the classified service under any class title which has not been recommended by the director and approved by the civil service board as appropriate to the duties to be performed. The classification plan shall include the normal lines of promotion from one class to another. Employees affected by the allocation or reallocation of a position to a class or by any changes in the classification plan shall be afforded an opportunity to be heard thereon by the civil service board after filing with the secretary of the board a written request for such hearing.

Art. XXX, § 169          NEW HAVEN CODE

## Sec. 169. Pay plan; establishment, contents.

For all positions not included within collective bargaining agreements nor part of the board of education, the director shall prepare and submit annually to the board of aldermen a pay plan consisting of a salary range for each class in the classification plan and also for all other officials of the city. Each such range shall be determined with due regard to the salary ranges for other classes and to the relative difficulty and responsibility or characteristic duties of positions in the class, the minimum qualifications required, the prevailing rate paid for similar employment outside the city's service, and any other factors that may properly be considered to have a bearing upon the fairness or adequacy of the range, provided that the pay plan in force at the effective date of this charter shall remain in effect until amended in accordance with the provisions of this charter.

## Sec. 170. Filling vacancies in higher classified positions.

Vacancies in higher positions in the classified service of the city shall as far as practicable be filled by promotion from lower classes upon the basis of competitive tests including a consideration of service rating; provided that in case no persons in the classified service meet the necessary qualifications, the director of personnel may direct that such position shall be filled by competitive tests open to any qualified persons.

## Sec. 171. Effect of charter on previous appointments.

All nonprofessional workers including employees of any board or commission holding permanent positions in the service of the city who were appointed at least one year previous to February 16, 1950, whose positions are included in the classified service by the terms of this charter, shall immediately become members of the classified service with full civil service status. All persons appointed under civil service rules prior to the effective date of this charter are hereby confirmed as having full civil service status.

## Sec. 172. Discrimination, fraud, bribery, etc. prohibited.

No person in the classified service of the city or seeking admission thereto shall be appointed, promoted, reduced, removed, or in

any way fav
age, nationa
No person sl
certificate, r
tion, promot
under the pr
attempt to c
thereof or of
with. No per
give any mo
or on accou
promotion, r
section. Any
ruptly viola
conviction tl
hundred dol
thirty days

## Sec. 173. V

Any perso
air corps, m
has been hon
added to suc
under the pr
hundred if s
pension from
tration, or fi
not so eligibl
limit specifie
for which th
forming the
tion without
for passage c
promotion ex

## Sec. 174. Fi

When no
class, the per
board may fil

ts.

e bargaining agree-
director shall pre-
lermen a pay plan
. the classification
. Each such range
ry ranges for other
ısibility or charac-
inimum qualifica-
nilar employment
that may properly
ess or adequacy of
t the effective date
ıded in accordance

**ified positions.**

l service of the city
from lower classes
a consideration of
ıs in the classified
e director of per-
led by competitive

**pointments.**

ıyees of any board
the service of the
vious to February
assified service by
:come members of
atus. All persons
e effective date of
full civil service

**tc. prohibited.**

or seeking admis-
ed, removed, or in

any way favored or discriminated against because of race, sex, age, national origin, or political or religious opinion or affiliation. No person shall willfully or corruptly make any false statement, certificate, mark, rating or report in regard to any test, certification, promotion, reduction, removal or appointment held or made under the provisions of this charter or in any manner commit or attempt to commit any fraud preventing the impartial execution thereof or of the rules and regulations made in accordance therewith. No person shall either directly or indirectly pay, render or give any money, service or any valuable thing to any person, for or on account of or in connection with any test, appointment, promotion, reduction or removal of any person affected by this section. Any person who alone or with others willfully or corruptly violates any of the provisions of this section shall upon conviction thereof be punished by a fine of not more than one hundred dollars or by imprisonment for a term not exceeding thirty days or by both.

### Sec. 173. Veteran's preference.

Any person who has served in time of war, in the army, navy, air corps, marine corps or coast guard of the United States and has been honorably discharged therefrom shall be entitled to have added to such person's rating in the entrance examination held under the provisions of this charter ten points on a scale of one hundred if such person is eligible for disability compensation or pension from the United States through the veterans' administration, or five points on a scale of one hundred if such person is not so eligible, provided that such person shall be within the age limit specified for appointment to the position or class of position for which the examination is held, is physically capable of performing the duties of such position and attains in the examination without such added points the minimum rating prescribed for passage of such examination. No credits shall be allowed for promotion examination.

### Sec. 174. Filling vacancies when no list of eligibles exists.

When no civil service list of eligibles exists for a particular class, the personnel director with the approval of the civil service board may fill any vacancy in such class by a temporary appoint-

ment for not more than ninety days and within that period the civil service board shall hold examinations of candidates for the class.

### Sec. 175. Temporary appointments.

The personnel director, when the interests of the city require, shall have authority to extend a temporary appointment for a period of ninety days but shall not exercise this power more than once in the case of any given appointee.

### Sec. 176. Residency required in city by department heads and deputies.

Unless otherwise provided for by general law each of the several heads and deputies or those second in command of all city departments, agencies, bureaus and other city organizations enumerated in the charter or created by ordinance shall be required to reside in the City of New Haven, or outside the corporate boundaries of the city if such residence is on lands owned by the City of New Haven, within six months following the effective date of said appointment and each such head and deputy or second in command of city departments, agencies, bureaus and other city organizations shall be required to reside in said city during the term of office.

In the event that any such department head, deputy or second in command should fail to comply with the provisions of this section, the position shall immediately become vacant and a successor shall be appointed as provided for by law.

The personnel director shall be responsible for the proper administration of the provisions of this section and shall at least twice yearly conduct a census as to the residency of those officials who fall within the jurisdiction of this section. The personnel director shall within thirty days after making said census give a full report to the mayor indicating those officers who are and who are not in compliance with the provisions of this section. The personnel director at the same time shall also make a report to the appointing authorities when such an authority is other than the mayor.

ARTICLE

Sec. 177. Plannir
    chairm

There shall be a
mayor who shall b
member of the boar
four electors of the
terms of the memb
after the mayor sha
a term of four years
their appointment.
members to be cha
its business consis
commission shall s

Sec. 178. Plannir
    general

The mayor shall
ified by special tra
director shall resid
person in office as
charter shall hold
pointed and qualif
nical advisor of the
this charter and th
point and remove a
limits of the appro
architects or other
city planning comr

Sec. 179. Duties

It shall be the du

(a) To prepare a
    provement o
    plans shall b
    opment of th
    eral location