b.) Describe the job at issue, indicating the qualifications sought. Provide a copy of the written job description, as well as a copy of any advertisements or internal postings for the position at issue;

c.) Provide applications and resumes for all applicants for the position. Identify the successful candidate or candidates;

d.) Explain why complainant was not selected, and why the successful candidate(s) was selected;

e.) Provide other examples of promotions or hire for similar positions;

f.) Identify by race, sex, age and disability (if any), as appropriate, all individuals holding the same title as the position sought by the complainant;

g.) Identify the person(s) recommending the action(s) at issue, including name, position held, race, sex, age and disability (if any), as appropriate;

h.) Identify the person(s) making the final decision, including name, position held, race, sex, age and disability (if any), as appropriate.

13. If this complaint alleges a failure to hire, failure to promote, demotion or termination of employment, provide the rate(s) of pay for the position(s) at issue.

Not applicable

14. If this complaint involves a claim of physical disability, did you make any attempts to reasonably accommodate the disability at issue? If so, please detail them.

Not applicable

15. Provide any other information and/or explanation you deem relevant to this complaint, and any other information which will assist the Commission in reaching a decision in this matter.

Respondent intends to submit additional information in the form of an Affidavit from Ms. Broadnax.

RESPONDENT, CITY OF NEW HAVEN
DEPARTMENT OF FIRE SERVICES,

Donna Chance Dowdie
Assistant Corporation Counsel

City of New Haven
Office of the Corporation Counsel
Juris No. 42715

marcarel.sch



OFFICE OF THE MAYOR

BIAGIO DILIETO
MAYOR

CITY OF NEW HAVEN
CONNECTICUT 06510

EXECUTIVE ORDER

MARCH 8, 1983

ATTACHMENT

1

Sexual harrassment in the workplace is any unwelcome conduct or communication of a sexual nature which affects a person's employment relationship or working environment. It may include, but not be limited to, (1) a pattern of sexual, degrading words or actions ranging from annoyances and distractions to deliberate intimidation and demands; (2) verbal harrassment, e.g. vulgar remarks, derogatory comments; (3) physical harrassment, e.g., gestures, punching, petting, blocking free movement; (4) visual forms of harrassment, e.g., derogatory posters, graffiti, letters; (5) sexual propositions (with or without threats to one's job or promotion if one does not submit).

Sexual harrassment is prohibited by the Federal Civil Rights Act of 1964, as amended in 1972; by the Connecticut Fair Employment Practices Act, which was amended, effective October 1, 1980 to prohibit specifically sexual harrassment; and, by the Code of the City of New Haven Section 12-1/2.

It is the policy of the City of New Haven:

To provide a work atmosphere that is conducive to productivity

To investigate all complaints of sexual harrassment

To discipline any employee found guilty of sexual harrassment

To provide supervisors with training designed to prevent and eliminate sexual harrassment

Any City employee who feels that he or she is a victim of sexual harrassment may contact the Commission on Equal Opportunities. The Affirmative Action Officer in the Personnel Department will also be available to receive complaints. Anyone aggrieved will be informed of his or her rights to file complaints with the state and federal agencies.

Biagio DiLieto, Mayor



# SEXUAL HARASSMENT IS ILLEGAL

AND IS PROHIBITED BY THE CONNECTICUT DISCRIMINATORY EMPLOYMENT PRACTICES ACT ( Sec. 46a-60(a) (8) of the Connecticut General Statutes), TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CITY OF NEW HAVEN EQUAL OPPORTUNITIES ORDINANCES 12 1/2, ARTICLE I.

## SEXUAL HARASSMENT MEANS

"Any unwelcome sexual advances or requests for sexual favors or any conduct of sexual nature when:

1) Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;
2) Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or
3) Such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive environment."

## EXAMPLES OF SEXUAL HARASSMENT INCLUDE:

Unwelcome sexual advances, suggestive or lewd remarks, unwanted hugs, touches, kisses, requests for sexual favors, retaliation for complaining about sexual harassment, derogatory or pornographic posters, cartoons, or drawings.

Individuals who engage in acts of Sexual Harassment may also be subject to civil and criminal penalties. Remedies may include; Cease and Desist Orders. Back Pay, Compensatory Damages, Hiring, Promotion or Reinstatement.

### If you feel that you have been the victim or sexual harassment, contact:

CITY OF NEW HAVEN
COMMISSION ON EQUAL OPPORTUNITIES
200 ORANGE STREET
NEW HAVEN, CT 06510

(203) 946-8160

Connecticut law requires that a formal written complaint be filed with the Commission within 180 days of the date when the alleged harassment occurred.

# MEMORANDUM

**OFFICE OF THE FIRE CHIEF**
*CITY OF NEW HAVEN*

**TO:**        ALL MEMBERS OF THE DEPARTMENT

**FROM:**    DENNIS W. DANIELS   *DWD*
             ASSISTANT CHIEF

**DATE:**    NOVEMBER 25, 1997

**RE:**       SEXUAL HARASSMENT

---

The attached information will serve as the policy of the City of New Haven and the Department of Fire Service with regard to sexual harassment.

Please note that the original information was distributed as an Executive Order on March 8, 1983 and the policy remains the same.

This policy is to be posted in each station and/or office and <u>all</u> members of the Department are to familiarize themselves with its content.

# *** PLEASE POST ***



## OFFICE OF THE MAYOR

**BIAGIO DiLIETO**
**MAYOR**

CITY OF NEW HAVEN
CONNECTICUT O6510

## EXECUTIVE ORDER

### MARCH 8, 1983    REISSUED 11)28)97

Sexual harrassment in the workplace is any unwelcome conduct or communication of a sexual nature which affects a person's employment relationship or working environment. It may include, but not be limited to, (1) a pattern of sexual, degrading words or actions ranging from annoyances and distractions to deliberate intimidation and demands; (2) verbal harrassment, e.g. vulgar remarks, derogatory comments; (3) physical harrassment, e.g., gestures, punching, petting, blocking free movement; (4) visual forms of harrassment, e.g., derogatory posters, graffiti, letters; (5) sexual propositions (with or without threats to one's job or promotion if one does not submit).

Sexual harrassment is prohibited by the Federal Civil Rights Act of 1964, as amended in 1972; by the Connecticut Fair Employment Practices Act, which was amended, effective October 1, 1980 to prohibit specifically sexual harrassment; and, by the Code of the City of New Haven Section 12-1/2.

It is the policy of the City of New Haven:

To provide a work atmosphere that is conducive to productivity

To investigate all complaints of sexual harrassment

To discipline any employee found guilty of sexual harrassment

To provide supervisors with training designed to prevent and eliminate sexual harrassment

Any City employee who feels that he or she is a victim of sexual harrassment may contact the Commission on Equal Opportunities. The Affirmative Action Officer in the Personnel Department will also be available to receive complaints. Anyone aggrieved will be informed of his or her rights to file complaints with the state and federal agencies.

*Biagio DiLieto*
Biagio DiLieto, Mayor

— NEW HAVEN, CONN. —

# OFFICIAL BULLETIN

## GENERAL ORDER #70

May 27, 1983

TO ALL MEMBERS OF THE DEPARTMENT

The Executive Order promulgated by Biagio DiLieto, Mayor of the City of New Haven, March 8, 1983, is reissued and is to be brought to the attention of all members of the Department.

Sexual harrassment in the workplace is any unwelcome conduct or communication of a sexual nature which affects a person's employment relationship or working environment. It may include, but not be limited to:

1. A pattern of sexual, degrading words or actions ranging from annoyances and distractions to deliberate intimidation and demands.

2. Verbal harrassment, e.g. vulgar remarks, derogatory comments.

3. Physical harrassment, e.g., gestures, punching, petting, blocking free movement.

4. Visual forms of harrassment, e.g., derogatory posters, graffiti, letters.

5. Sexual propositions (with or without threats to one's job or promotion if one does not submit).

Sexual harrassment is prohibited by the Federal Civil Rights Act of 1964, as amended in 1972; by the Connecticut Fair Employment Practices Act, which was amended effective October 1, 1980 to prohibit specifically sexual harrassment; and; by the Code of the City of New Haven Section 12-1/2.

It is the policy of the City of New Haven:

To provide a work atmosphere that is conducive to productivity.

To investigate all complaints of sexual harrassment.

To discipline any employee found guilty of sexual harrassment.

To provide supervisors with training designed to prevent and eliminate sexual harrassment.

Any City employee who feels that he or she is a victim of sexual harrassment may contact the Commission on Equal Opportunities. The Affirmative Action Officer in the Personnel Department will also be available to receive complaints. Anyone aggrieved will be informed of his or her rights to file complaints with the state and federal agencies.

Per Order:



John F. Reardon
Chief of Department

JFR/o





CONNECTICUT COMMISSION *on* HUMAN RIGHTS & OPPORTUNITIES

Certified Mail No. ___7424866426___

August 12, 1999

Matthew Macarelli
1843 Middletown Ave.
North Branford, Ct.

RE:  NOTICE OF FINAL AGENCY ACTION
     CHRO NO.:9930486 *Macarelli v. City of New Haven*
     EEOC: 16a993420

Dear Mr. Macarelli:

Notice is hereby given that pursuant to Section 46a-83(b) of C.G.S, the Commission has processed your complaint through its Merit Assessment processes.

> Further, you are hereby notified that as a result of these activities, your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that there is a lack of evidence to indicate that you were subjected to unequal terms and conditions of employment due to your race, color, gender or in retaliation for opposing sexual harassment. It does not appear that you were subjected to treatment which rises to the level of sexual harassment or that Lt. Broadnax sexually harassed you. It also appears that the incident of the picture and comment was an isolated incident and was not repeated. There is also no evidence to indicate that you complained to Lt. Broadnax . It does appear that the respondent did investigate after you made a formal complaint and determined that the treatment did not constitute an incident of sexual harassment or hostile environment. The other terms and conditions of employment alleged appear to be related to Lt. Broadnax's management style but do not demonstrate a relationship to the class bases of discrimination alleged. In fact, you yourself provided documentation to indicate that other employees have also complained about her management style and job knowledge. Finally, you did not provide any additional substantive information which might refute the response.

The complainant may apply for reconsideration, requesting that the Commission reconsider its decision dismissing the complaint, as

FL407(1)

Issued 1[...]
Revised [...]



50 LINDEN STREET, WATERBURY . CONNECTICUT 06702 (203) 596-4237 FAX (203) 596-4241

*Affirmative Action / Equal Opportunity Employer*

provided in subsection (b) of Section 46a-83 of the C.G.S. (formerly Public Act 94-238). The reconsideration request must be in writing and **filed** at the Commission's administrative office stated on the letterhead **within fifteen (15) calendar days from the date of this letter**. It is the complainant's responsibility to file a timely request.

No additional information after this fifteen (15) day period will be considered. Untimely requests will not be considered. The request should state specifically the grounds upon which the application is based. Generally, no new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be reviewed. Any request for reconsideration must be submitted to:

> CHRO
> 50 Linden St.
> WATERBURY, Ct.   06702
> (203)596-4237

A copy of your request for reconsideration must be mailed to the respondent and respondent's attorney, if any, at the address listed at the bottom of this letter. You should certify that you have done so in your request for reconsideration filed with the Commission.

Instead of filing a timely request for reconsideration, the complainant may appeal this disposition to the Superior Court of the State of Connecticut. Any appeal must strictly comply with all of the applicable statutory procedures, requirements, and time frames. You may wish to consult an attorney regarding the proper filing of an administrative appeal.

Sincerely,

Marla Shiller, Investigator
Femi Bogle-Assegai, Regional Manager

cc: Complainant's attorney: Patricia CoFrancesco
        Respondent: Donna Chance Dowdie Certified No.:
                City of New Haven
                Office of the Corporation Counsel
                165 Church St.   4th flr.
                New Haven, Ct.   06510
Enclosures:    Complainant(s)'/Respondent(s)'    Certification    of
        Mailing                CHRO's Form #004

FL407(1)

Issued 12/94
Revised 1/1/96

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Donna Chance Dowdie
Office of Corp Counsel
165 Church ST 4th fl.
New Haven, CT 06510
CertZ 424 866 259
mis 8/17/99 9930486

4a. Article Number

4b. Service Type
☐ Registered          ☐ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery  8-16-99

8. Addressee's Address (Only if requested and fee is paid)

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

PS Form 3811, December 1994          102595-98-B-0229   Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

COMMISSION FOR HUMAN RIGHTS
& OPPORTUNITIES
WEST CENTRAL REGION
50 LINDEN STREET
WATERBURY, CT 06702

**RECEIVED**
STATE OF CONNECTICUT

AUG 17 1999

COMM. ON HUMAN RIGHTS
& OPPORTUNITIES
WEST CENTRAL REGION

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|

Matthew Macarelli
1843 Middletown Ave
North Branford, CT
Z 424 866 260
mis 8/17/99 9930486

4b. Service Type
☐ Registered        ☐ Certified
☐ Express Mail       ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery  8-16-99

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X *Lisa Marcarelli*

PS Form **3811,** December 1994        102595-98-B-0229    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

COMMISSION ON HUMAN RIGHTS
& OPPORTUNITIES
WEST CENTRAL REGION OFFICE
50 LINDEN STREET
WATERBURY, CT  0670

RECEIVED
STATE OF CONNECTICUT

AUG 17 1999

COMM. ON HUMAN RIGHTS
& OPPORTUNITIES
WEST CENTRAL REGION



# CHRO

CONNECTICUT COMMISSION on HUMAN RIGHTS & OPPORTUNITIES

August 30, 1999

Matthew Macarelli
1843 Middletown Ave
North Branford, CT 06

Re:#9930486 - Macarelli vs. The City of New Haven

Dear:Matthew Macarelli

This letter is to confirm the receipt on 8-25-99 _____ of your request for Reconsideration of your case. Your request and case file will be transferred to the Special Enforcement Unit (SEU) located in the Commission's Central Office in Hartford for review. Once a decision has been reached on your request, you will be notified.

Sincerely,

Femi Bogle Assegai,
Regional Manager

cc:
donna Chance Dowdie
Office of Corporation counsel
165 Church St. 4th fl.
New Haven, CT 06510

Law Office of Patricia Cofrancesco
Patricia A. Cofrancesco
27 Lucy St
Woodbridge, CT 06525

*N-1*

F404(3)

Issued
Revised 1



2



CONNECTICUT COMMISSION on HUMAN RIGHTS & OPPORTUNITIES

October 7, 1999

Mr. Matthew Marcarelli
1843 Middletown Avenue
North Branford, CT 06471

**RE:    CHRO No. 9930486  - EEOC 16a993420 - Marcarelli v. The City of New Haven**

Dear Mr. Marcarelli

This letter is to confirm receipt of your request for reconsideration on August 25, 1999. Your case file is currently here in the central office's Special Enforcement Unit pending review. Once a decision has been reached on your request, you will be notified.

Sincerely,

Patricia E. Christie
Supervisor
Special Enforcement Unit

PEC:ich
c: Patricia A. Cofrancesco, Esq.
   Donna Chance Dowdie, Esq.
   EEOC - Boston



21 GRAND STREET . HARTFORD . CONNECTICUT 06106 (860) 541.3400  FAX (860) 246.5068  Toll Free in Connecticut 1.800.477.5737

*Affirmative Action / Equal Opportunity Employer*



State of Connecticut
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
21 Grand Street, Hartford, CT 06106  (860) 541-3400 FAX (860) 246-5419
Toll Free in Connecticut 1-800-477-5737  www.state.ct.us/chro
TDD (860)541-3459

October 5, 2001

**RECEIVED**

OCT 10 2001

OFFICE OF THE
**CORPORATION COUNSEL**

Certified Mail No. 7099 3400 0009 0157 7465

Matthew Macarelli
1843 Middletown Ave.
North Branford, CT 06471

Subject: **Reconsideration Request - REJECTED**

Re: <u>Matthew Macarelli v. The City of New Haven, CHRO Case No. 9930486</u>

Dear Mr. Macarelli:

Your complaint, which is noted above, was dismissed by this agency. You filed a timely request for reconsideration. Your request for reconsideration has been carefully reviewed by staff, who have recommended it to be rejected. A copy of the review is enclosed for your information and review. I have accepted the recommendation and denied your request. This denial of reconsideration is the Commission's final decision on your complaint.

Denial may be appealed by filing a petition in the Connecticut Superior Court for the judicial district where the discriminatory practice is alleged to have occurred or in the judicial district where you reside or transact business. Such appeal must be made in accordance with the provisions of relevant Connecticut General Statutes including Section 4-183 as it reads after July 1, 1989. Copies of the petition must be served upon this agency at its principal office or the Office of the Attorney General and on all parties listed in the decision.

Under Public Act 01-95, effective July 1, 2001:

> (b) The executive director of the commission may, upon the complainant's request, issue a release from the commission if (1) a complaint is dismissed pursuant to subsection (b) of section 46a-83, and (2) the complainant requests reconsideration of the dismissal and the reconsideration request has been granted or denied, or the reconsideration request has not yet been acted upon in accordance with subsection (e) of section 46a-83.

$N-3$

**CHRO**            *Safeguarding Civil Rights in Connecticut*

Affirmative Action/ Equal Opportunity Employer

Whenever a reconsideration request has been granted or denied, a request for a release from the commission shall be made within fifteen days of receipt of the notice granting or denying such reconsideration request. The complainant may, within ninety days of receipt of the release from the commission, bring an action in accordance with section 46a-100 and sections 46a-102 to 46a-104, inclusive.

Very truly yours,

Cynthia Watts Elder
Executive Director

CWE/ejb


Enclosure


cc: Donna Chance Dowdie, Office of Corporation Counsel
    Patricia A. Confrancesco, Law Office of Patricia Confrancesco

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

MATTHEW MARCARELLI                :    DECISION ON RECONSIDERATION
    *Complainant*                :

    v.                :    REQUEST REJECTED
                                            :
CITY OF NEW HAVEN                :    CHRO NO. 9930486
    *Respondent*                :    EEOC NO. 16a993420

## SECTION I - SUMMARY OF COMPLAINT AND ORIGINAL INVESTIGATION

This complaint was filed on March 24, 1999, and the Complainant alleged that he was sexually harassed and otherwise discriminated against by his black female supervisor in violation of C.G.S § 46a-58, § 46a-60, and Title VII, because of his gender and race (white). The Respondent filed an answer to the complaint on June 29, 1999, in which it denied all of the Complainant's allegations. This case was dismissed pursuant to the MAR process on August 12, 1999, on the grounds that there was no reasonable possibility that further investigation would result in a finding of reasonable cause.

## SECTION II - SUMMARY OF RECONSIDERATION REQUEST

The Complainant's Request for Reconsideration was filed within the fifteen (15) day statutory deadline on August 25, 1999. In his request, the Complainant argues that there was more than one isolated instance of sexual harassment, that the Complainant had no obligation to complain about the incident to his supervisor, that the Respondent's investigation of the incident was cursory, and that this is a discrimination case and not simply a case of poor management style.

*N-4*

## SECTION III - ANALYSIS

Section 46a-54-79(d) of the Regulations of the CHRO provides that a request for reconsideration may be granted if:

(1) an error of fact or law should be corrected;

(2) new evidence has been discovered; or

(3) other good cause for reconsideration has been shown.

None of the above requirements have been met in the present case.

The Connecticut Supreme Court has held that when interpreting state statutes which outlaw sexual harassment, we must look for guidance to federal case law surrounding similar federal statutes. Brittell v. D.O.C., 247 Conn. 148 (1998). The Court noted that sexual harassment claims proceed on one of two theories; namely quid pro quo or hostile work environment. Id. at 165-166. The present case involves the hostile work environment theory.

In order to establish a hostile work environment claim, the workplace must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, 510 U.S. 17, 21 (1993). It must be both subjectively and objectively offensive. Faragher v. Boca Raton, ___ U.S. ___ , 118 S.Ct. 2275, 2283 (1998). If the conduct does create such a hostile environment, an employer will be held liable if it failed to create a complaint process or if the employer knew of the harassment and failed to stop it. Gallagher v. Delaney, 139 F.3d 339, 348 (2d Cir. 1998). Whether or not a hostile environment exists, and whether the employer fulfilled its responsibilities, can only be determined upon the facts found in each case.

2

In the present case, the CHRO determined that the facts did not show that there was a hostile environment. There was only one incident of alleged sexual harassment, when a co-worker showed Complainant a nude photograph in the presence of his supervisor. (The co-worker is alleged to have shown the photo to others and described the Complainant's reaction to it, but CHRO determined that it was all part of one incident.) This was determined by CHRO not to create a hostile environment. Although there were many other allegations of harassment, there was only this one allegation of sexual harassment. CHRO only has jurisdiction over harassment motiviated by the victim 's protected class status, and not harassment generally. Therefore, based on the facts, this case was properly dismissed.

The Complainant also challenged the adequacy of the investigation performed by the Respondent. "The law does not require that investigations into sexual harassment complaints be perfect." Chabe v. Bowry Corp., 114 F.3d 407, 412 (3d Cir. 1997). The determination of whether an investigation is reasonable will necessarily depend on all of the facts and circumstances of the particular case. Brittel v. D.O.C., supra, at 172 n.36. In the present case, the CHRO properly determined, based on the facts, that the investi gation was reasonable, and that the decision made as a result of it was also reasonable.

A complete review of this case file does not reveal any other basis upon which reconsideration should be granted.

3

## SECTION IV - RECOMMENDATION

For the reasons set forth herein, it is hereby recommended that the request for reconsideration be rejected.

_10/1/01_
Date

_D. M. T___
David M. Teed
Assistant Attorney General


## SECTION V - DECISION

RECOMMENDATION
APPROVED / DISAPPROVED

_1 0/4/ 01_
Date

Cynthia Watts Elder
Executive Director
Commission on Human Rights
and Opportunities

4

RELEASE OF JURISDICTION

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, ex rel.

Matthew Marcarelli
Complainant                                        Date: October 22, 2001

        vs.

The City of New Haven
Respondent                                 CCHRO CASE NO.:  9930486
                                           EEOC CASE NO.:    16a993420

RELEASE OF JURISDICTION

Pursuant to Complainant's and/or Complainant's attorney's request dated
October 17, 2001, and received by the Commission on Human Rights and
Opportunities on October 18, 2001, hereby releases its jurisdiction over the above
numbered and captioned complaint in accordance with Public Act No. 01-95. Also,
in accordance with Section 46a-102, C.G.S. Complainant is hereby authorized to
commence a civil action against the Respondent in the Superior Court for the judicial
district in which the discriminatory practice is alleged to have occurred or in which
the Respondent transacts business. If this action involves a state agency or official, it
may be brought in the Superior Court for the Hartford-New Britain judicial district.

In granting this release, the Commission expressly finds, in accordance with Sections
46a-100 and Public Act No. 01-95, that all conditions precedent to the issuance of
the release of jurisdiction have been complied with inasmuch as the complaint was
timely filed within 180 days from the date of alleged incident, in accordance with
46a-82(a) of the C.G.S.

The complaint was filed on **March 24, 1999** and dismissed on
**August 12, 1999.**

The complaint:

        (X)   was the subject of a reconsideration decision issued on **October 5, 2001.**


        ( )   has been pending a reconsideration request review for more than ninety
              (90) days from the date of the dismissal.

Form 500(6)                                                        7/1/01

                                                            N - 5

The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission. Upon commencing the Superior Court action, the Complainant, or his/her attorney, shall serve a copy of the complaint on the Commission for the purpose of providing legal notice. However, in accordance with 46a-103, of C.G.S., service of the complaint on the Commission does not make it a necessary party, although, the Commission may opt to intervene.

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) of the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

Cynthia Watts Elder
Executive Director

By: _____
Donald E. Newton
Chief of Field Operations

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this 22nd day of October, 2001.

cc: Complainant: Matthew Marcarelli
    Complainant's Attorney: Attorney Patricia Confrancesco
    Certified Mail Receipt 7099 3400 0009 4755 0835
    Respondent(s): The City of New Haven
    Respondent's Attorney: Attorney Donna Chance Dowdie
    Supervisor of Special Enforcement Unit:  Robert J. Zamlowski
    Regional Manager: Robert Brothers, Acting, Regional Manager
                   West Central Regional Office

Form 500(6)                                                    7/1/01



# CIVIL SERVICE
# RULES and REGULATIONS
# CITY OF NEW HAVEN

## CITY OF NEW HAVEN
### CIVIL SERVICE COMMISSION

I certify and attest that this
is a true copy of the Civil Service
Rules currently in effect.

_[signature]_

Director
Department of
Organizational
Development

**OFFICE OF PERSONNEL AND CIVIL SERVICE**

195 Church Street

New Haven, Connecticut 06510

**Telephone: 562–0151, Ext. 201**



# PREFACE

The objective of these rules and regulations is to assist the administration of municipal government in New Haven to provide the most effective and economical services possible to the residents of our community through an equitable Civil Service system which assures fair treatment of those who compete for original employment and promotion. These rules and regulations also attempt to define within reasonable limits the Civil Service rights, privileges, benefits, obligations and prohibitions placed upon all City employees in the classified service.

In promulgating these rules and regulations, the Civil Service Board has made every effort to make them equitable and consistent with all Charter and statutory requirements.

To the many persons who assisted the Board in preparing this document, the Board wishes to express to them its sincere thanks. Much of the advise and suggestions presented to the Board, particulary during the executive and public hearings, proved to be exceedingly helpful in the preparation of these rules and regulations and many of the suggestions have been incorporated into this document.

Invaluable assistance was provided to the Board by Mr. Francis Kelly, Executive Director of the New Haven Taxpayers' Research Council, Mr. Kennedy Mitchell, Deputy Controller of the City of New Haven, and Mr. Dennis Rezendes, Budget Officer for the City of New Haven. For the many hours of work these individuals provided, the detail and very essential basic research, the Board wishes to express its sincere appreciation.

The final document as presented herein has been unanimously approved by the Civil Service Board and becomes effective on this date.

Edward J. Sullivan, President
Louis A. Longobardi, Member
Thomas J. Casey, Member

Attest: V. Fenton Dooley, Secretary

December 11, 1962

Reprinted 9/14/76

In accordance with City of New Haven...

# TABLE OF CONTENTS

| | Page |
|---|---|
| **RULE I—THE CLASSIFICATION PLAN** | 8 |
| 1. The Classification Plan | 8 |
| 2. Content of Specifications | 8 |
| 3. Preparation of Classification Plan | 8 |
| 4. Classification Plan Approval | 9 |
| 5. Distribution of Classification | 9 |
| 6. Reclassification | 9 |
| 7. New Classes of Positions | 9 |
| **RULE II—APPLICANTS AND APPLICATIONS** | 9 |
| Classified Service | 9 |
| Discrimination-Prohibitions | 9 |
| 1. General Requirements | 10 |
| 2. Residence | 10 |
| 3. Medical Examinations | 10 |
| 4. Responsibility for Original Documents | 11 |
| 5. Causes for Disqualification | 11 |
| 6. Acceptance and Rejection of Applications | 11 |
| A. Filing of applications | 11 |
| B. Character and personal fitness of applicants | 12 |
| C. Required degrees, licenses, certificates and registrations | 12 |
| D. Veterans application provisions | 12 |
| **RULE III—EXAMINATIONS** | 13 |
| Competitive Examinations | 13 |
| Change in Rules | 13 |
| Veterans Preference | 13 |
| 1. Examination Announcement | 14 |
| 2. Kinds of Examinations | 14 |
| 3. Character of Examinations | 14 |
| 4. Content of Examinations | 15 |
| 5. Medical Examinations | 15 |
| 6. Service Ratings | 15 |
| 7. Postponement and Cancellation of Examinations | 15 |
| 8. Conduct of Examinations | 16 |
| 9. Examination Grades | 16 |
| 10. Notice of Results of Examinations | 16 |
| 11. Examination Papers | 17 |
| 12. Re-examination | 17 |
| **RULE IV—ELIGIBLE LISTS** | 17 |
| 1. Register of Eligibles | 17 |
| 2. Promulgation | 17 |
| 3. Duration of Eligible Lists | 18 |
| 4. Removal of Eligibles from List | 18 |
| 5. Change of Address | 18 |
| 6. Re-instatement | 18 |
| **RULE V—RE-EMPLOYMENT** | 19 |
| 1. Re-employment List | 19 |
| **RULE VI—METHOD OF FILLING VACANCIES** | 19 |
| 1. Requests | 19 |
| 2. Types of Appointments | 19 |
| 3. Priority of Eligible Lists | 20 |
| 4. Appointment from Re-employment Lists | 20 |
| 5. Appointment from Eligible List | 21 |
| **RULE VII—APPOINTMENTS** | 21 |
| Appointments | 21 |
| Appointments Void | 21 |
| Appointment-Violation-Misdemeanor | 21 |
| 1. Selection of Appointment | 21 |
| 2. Permanent Appointment | 21 |
| 3. Emergency Appointment | 22 |





|  | Page |
|---|---|
| **RULE VIII—PROBATIONARY PERIOD** | 22 |
| 1. Probationary Period | 22 |
| 2. Objective of Probationary Period | 23 |
| 3. Employee Performance Report | 23 |
| 4. Rejection of Probationer | 23 |
| 5. Rejection Following Promotion | 23 |
| 6. Approval of Permanent Appointment | 23 |
| 7. Temporary Appointment | 23 |
| **RULE IX—TRANSFERS** | 24 |
| Transfer | 24 |
| 1. General | 24 |
| 2. Board of Finance Approval | 24 |
| 3. Appointing Authority | 24 |
| **RULE X—PROMOTIONS** | 24 |
| Vacancies | 24 |
| 1. Definition | 25 |
| 2. Method of Examination | 25 |
| 3. Application for Promotional Examination | 25 |
| 4. Temporary Promotions | 25 |
| **RULE XI—VOLUNTARY DEMOTION** | 26 |
| 1. General | 26 |
| 2. Board of Finance Approval | 26 |
| 3. Appointing Authority | 26 |
| **RULE XII—RESIGNATION, REMOVAL, LAYOFF** | 27 |
| 1. Resignation | 27 |
| 2. Removal | 27 |
| 3. Reduction in Personnel | 27 |
| 4. Layoff | 27 |
| **RULE XIII—LEAVES OF ABSENCE** | 28 |
| 1. Special Leave without Pay | 28 |
| 2. Military Leave | 28 |
| 3. Leaves of Absence—Less Than Thirty Days | 28 |

|  | Page |
|---|---|
| **RULE XIV—UNSKILLED LABOR SERVICE** | 28 |
| 1. General | 28 |
| 2. Applications and List | 29 |
| **RULE XV—GENERAL** | 29 |
| Political Activity Prohibited | 29 |
| Saving Clause | 29 |
| **APPENDICES** | 30 - 32 |



# Civil Service Definitions

The following words and terms used in these rules shall have the meanings indicated below unless the context clearly requires otherwise.

1. *Applicant.* A person who completed and submitted an application for employment with the City.

2. *Appoint.* Assigning to a position such eligible or eligibles as have been certified.

3. *Appointing Authority.* A person or group having the authority to make appointments to positions in the classified service of the City as prescribed in the city charter, ordinances and state statutes.

4. *Certify.* The process of supplying an appointing authority with the names of eligibles for appointment.

5. *City.* Shall mean the City of New Haven.

6. *Classified Service.* All positions in the city service not now or hereafter specifically excluded by Section 198, revised Charter of 1975.

7. *Board.* The Civil Service Board of the City of New Haven appointed pursuant to Section 188, revised Charter of 1975.

8. *Dismissal.* The complete separation of an employee from City employment.

9. *Eligible.* A person certified for appointment and listed on an active employment list.

10. *Eligible List.* An employment list established by open competitive examination.

11. *Employee.* A person occupying a position within the classified service of the City who is paid a salary or wage for services rendered.

12. *Layoff.* The involuntary non-disciplinary separation of an employee from a position.

13. *Leave.* An approved type of absence from work.

14. *Open Competitive Examination.* An examination open to all persons, whether employed by the City or not.

15. *Original Appointment.* An appointment of a person from an eligible list to a position in the classified service of the City.

16. *Permanent Employee.* An employee who has successfully completed his probationary period and has been permanently appointed to a position in the classified service by the Appointing Authority, and approved by the Board of Finance.

17. *Position.* A group of duties and responsibilities requiring the full-time employment of one person.

18. *Probationary Employee.* An employee who has not completed his trial service period.

19. *Probationary Period.* A working test period during which an employee's skills, aptitudes and adjustments are appraised prior to his permanent appointment in that position.

20. *Promotional Examination.* A competitive examination which is open only to employees of the classified service of the City and given for the purpose of establishing a list for a designated class from which to certify eligibles for promotion.

21. *Promotional List.* An employment list established by a promotional examination.

22. *Re-employment List.* A departmental employment list established by listing former permanent or probationary employees who have been separated from the classified service by layoff.

23. *Temporary Appointment.* The appointment of a temporary employee to a position in the classified service by the Board of Finance for a period not to exceed 90 working days pending Civil Service examination. [See Section 205, revised Charter 1975]

24. *Transfer.* The assignment of an employee from one position to another position in ... similar duties and carrying the same minimum and maximum salary as the position from which assignment is made.

—6—

# RULE I—Classification Plan

## Section 1. *The Classification Plan*

The classification plan shall consist of a series of class specifications. For each class or position in the classified service, there shall be a separate specification consisting of a title, a statement of the scope of the work, an enumeration of typical tasks performed by employees in the class, and a section containing minimum qualifications for appointment.

## Section 2. *Content of Specifications*

The class title of each specification shall be descriptive of the work to be performed by employees assigned to the class.

The scope of the work shall indicate the kind of work to be performed, the degree and kind of supervision involved.

The enumeration of typical tasks shall include items of work which are assigned to employees in that class. It shall not be deemed to contain all the tasks performed by any one employee, nor shall it be interpreted to limit the tasks to which the employee may be assigned. Any of the tasks enumerated are subject to expansion or complete abolition.

Qualifications shall enumerate minimum requirements of education, training, experience and special skills and any specific physical requirements for the position.

## Section 3. *Preparation of Classification Plan*

The classification plan for the employees in the classified service shall be prepared and maintained current by the Director of Personnel.

## Section 4. *Classification Plan Approval*

The classification plan changes shall become effective when approved by the Board of Finance.



25. *Vacancy.* A position existing or newly created which is not occupied and for which funds are available.

## Personnel Definitions

The following definitions approved by the Board of Finance are published with the Civil Service Rules because they are used in several rules.

1. *Allocate.* Assigning each position to its proper class.

2. *Class.* A group of positions sufficiently similar in respect to duties and responsibilities that the same title may reasonably and fairly be used to designate each position allocated to the class, that the same minimum qualifications may be required and the same salary range may be made to apply with equity.

### Section 5. Distribution of Classification

Upon approval of the classification plan by the Board of Finance the Personnel Director shall have prepared and distributed copies of said plan to the various department heads of the City and other employees and officials as directed by the Board of Finance consistent with the funds provided for said purpose

### Section 6. Reclassification

Requests for changes in the classification plan shall be recommended by the Director of Personnel and shall become effective when approved by the Board of Finance and/or conform with the procedural requirements specified by the Board of Finance. Minor changes in classification specifications shall not necessarily constitute a promotion and hence shall not require an examination. The final decision as to whether or not a promotional examination is necessary as a result of reclassification rests with the Civil Service Board.

### Section 7. New Classes of Positions

Whenever the Board of Finance creates a new position, the Personnel Director shall prepare a new class specification. Said specification shall become effective when approved by the Board of Finance and a copy of the specification shall be transmitted to the Civil Service Board.

## RULE II—Applicants and Applications

### The Classified Service

The classified service shall comprise all positions not specifically included by this section (190b) in the unclassified service and all appointments and promotions therein shall be made according to merit and fitness to be ascertained so far as practicable by competitive examinations. (Section 198. Revised Charter, 1975.)

### Discrimination—Prohibitions

No person in the classified service of the city or seeking admission therein shall be appointed, promoted, reduced, removed, or in any way favored or discriminated against because of his race, sex, his national origin, or political or religious opinion or affiliation. No

— 9 —

person shall willfully or corruptly make any false statement, certificate, mark, rating or report in regard to any test, certification, promotion, reduction, removal or appointment held or made under the provisions of this charter or in any manner commit or attempt to commit any fraud preventing the impartial execution thereof or of the rules and regulations made in accordance therewith. No person shall either directly or indirectly pay, render or give any money, service or any valuable thing to any person, for or on account of or in connection with any test, appointment, promotion, reduction or removal of any person affected by this section. Any person who by himself or with others willfully or corruptly violates any of the provisions of this section shall upon conviction thereof be punished by a fine of not more than one hundred dollars or by imprisonment for a term not exceeding thirty days or by both. (Section 203, Revised Charter, 1975)

### Section 1. General Requirements

All applicants must, in order to qualify for appointment, be citizens of the United States or shall have filed a declaration of intent to become a citizen and at the end of the required time period shall proceed to full citizenship. He shall also meet the minimum requirements as stated in the class specification.

### Section 2. Residence

All applicants shall have the residence requirements as prescribed by city ordinance.

### Section 3. Medical Examinations

The Civil Service Board may require a record of a medical examination prior to or after taking an examination and prior to appointment certified by a physician appointed by the Civil Service Board for that purpose. Any medical examination required shall be at the expense of the applicant.

### Section 4. Responsibility for Original Documents

The Civil Service Board shall not be held responsible for the acceptance of original documents required for the race, test, degrees or licenses. Certified and photostatic copies shall be accepted as proof that the applicant possesses such documents.