## Section 5. Causes for Disqualification

(A) Although rejection may be based upon causes other than those enumerated the following are declared to be cause for rejection of application or disqualification of applicant, if the Civil Service Board shall find that the applicant:

1. Is found to lack any of the minimum qualifications as stated in the examination announcements.

2. Is physically so disabled as to render him unfit for the performance of the duties of the position to which he seeks appointment.

3. Is addicted to the habitual or excessive use of habit-forming drugs or intoxicating beverages.

4. Has been previously dismissed from any public service for inefficiency, delinquency or misconduct or has had his name removed from an eligible list or has resigned from the City service (classified or unclassified) under charges.

5. Has been convicted of or forfeited bail for any felony or any misdemeanor involving moral turpitude.

6. Has intentionally made a false statement of any material fact, or has practiced or attempted to practice any deception or fraud in his application or examination.

7. Has failed to present himself for fingerprinting as required.

8. Has used or attempted to use political pressure or bribery to secure advantage in the examination.

(B) Defective applications may be returned to the applicants but once for correction or amendment. Failure to return the corrected or amended application to the Civil Service Board on or before the date specified will be sufficient cause for rejection.

## Section 6. Acceptance and Rejection of Applications

(A) Filing of applications:

1. All applications shall be in the handwriting of the applicant ... filed in the prescribed manner.

— 11 —

2. Applications shall not be accepted unless call for examination has been issued by the Civil Service Board.

3. Applications shall be filed within the prescribed time limits.

4. All applications shall become the property of the Civil Service Board and shall not be returned.

5. Applications postmarked or received after the date specified in the examination announcement may not be considered valid applications and may be rejected.

6. Whenever an application is rejected, notice of such rejection and the reason for the rejection shall be given th[e] applicant immediately or at the time notices are mailed to appear for the examination.

7. The time for filing applications may be extended or re-opened by the Civil Service Board as the needs of the City require.

8. No person concerned in receiving applications or in the preparation, conduction, or holding of an examination shall be permitted to be a candidate in such examination.

(B) Character and personal fitness of applicant:

The Civil Service Board may investigate the circumstances pertaining to the arrest and conviction of all applicants and may accept or reject such applicants within its discretion.

(C) Required degrees, licenses, certificates and registrations:

For a position requiring a degree, license, certificate or registration as evidence of professional or technical proficiency, the Civil Service Board may in its discretion require the submission thereof at the time of application or may designate another time for submission. However, such submission must take place prior to an applicant's taking an examination.

(D) Veterans application provisions:

A veteran claiming preference points under Section 204, Revised Charter, 1975, shall file with his application, or at any other time designated by the Civil Service Board his ... the applicant taking an examination, proof of his service in

— 12 —

the armed forces and honorable separation therefrom and submit for the inspection of the Civil Service Board his honorable discharge or photostat or certified copy of his service record and, in case of disability claim, proof of such disability from the veterans' administration.

## RULE III—Examinations

### Competitive Examinations

It shall be the duty of said board to prescribe rules for ascertaining the competency of applicants for positions or promotions for all positions in the city government except the elective officers, commissioners, officials appointed by the mayor, superintendents, assistant superintendents, principals and teachers employed by the board of education and the librarian, assistant librarians, and superintendents of the different departments of the public library. Said board shall, under such rules as it may adopt, hold competitive examinations as a basis for recommendations respecting any such positions or promotions. Said board shall also adopt rules as it may deem effective, providing for the registration and selection of all laborers to be employed by the city, which shall relate only to their capacity for labor, their habits as to honesty, industry and sobriety. (Section 189, Revised Charter, 1975)

### Change in Rules

Whenever said board shall have adopted any rules under any of the different provisions of this section, said rules shall not be changed except after public hearing advertised at least three times in some daily newspaper published in New Haven, giving at least two weeks' notice of such proposed change. All rules of said board and the papers of successful candidates shall be public records. (Section 190, Revised Charter, 1975)

### Veterans Preference

Any person who has served in time of war, in the army, navy, air corps, marine corps or coast guard of the United States and has been honorably discharged therefrom, will be entitled to have added to his rating in his entrance examination held under the provisions

— 13 —

of this charter ten points on a scale of one hundred if he is eligible for disability compensation or pension from the United States through the veterans administration, or five points on a scale of one hundred specified for appointment to the position or class of position for which the examination is held, is physically capable of performing the duties of such position and attain in the examination without such added points the minimum rating prescribed for promotional examination. (Section 204, Revised Charter, 1975 — See Appendix I)

### Section 1. Examination Announcement

(a) The Civil Service Board shall give public notice of all competitive examinations by one advertisement inserted in each of the daily newspapers issued in the City of New Haven, which advertisement in each paper shall be not less than 15 days prior to the date set for each examination so advertised. (Section 194c, Revised Charter 1975)

(b) The Civil Service Board shall give the examinations such other publicity as it may deem necessary to attract the optimum number of qualified applicants.

### Section 2. Kinds of Examinations

Examinations shall be announced and administered as one or more of the following kinds:

a. Promotional competitive examinations in which only qualified City employees in the classified service may compete.

b. Open competitive examinations in which all qualified applicants may participate.

### Section 3. Character of Examinations

Examinations shall be practical in nature, shall relate to matters which fairly measure the relative fitness and capacity of the applicants to discharge the duties of the position which they seek, and shall take into account character, training, experience, physical and mental fitness.

No question in any examination shall relate to race or to political or religious opinions, affiliations or service.

— 14 —

...competitive nature of the examinations shall not be construed to require that there be more than one person eligible to take an examination.

### Section 4. Content of Examinations

Examinations may contain one or more of the following tests as may be determined by the Civil Service Board.

a. Written tests of aptitudes, mental fitness and knowledge of the work.

b. Oral tests or interviews to evaluate education, training, experience and other personal qualifications. When only oral examinations are deemed advisable, then so far as is practicable a stenographic record of such oral questions and of the answers thereto shall be kept, which will be filed with the applicant's papers.

c. Performance tests to demonstrate skill and ability in performing actual work.

d. Mental aptitude tests and physical tests of strength, fitness and agility.

### Section 5. Medical Examinations

The Civil Service Board may require re-examination of eligibles or employees to determine whether they possess the required medical fitness for present or prospective duties.

### Section 6. Service Ratings

Where service ratings are required as part of the examination, the appointing authority shall furnish the Civil Service Board such ratings within 30 working days after the completion of the written examination for those positions in which there are less than 100 applicants and at least within 60 working days after the completion of the written examination for those positions in which there are 100 or more applicants.

### Section 7. Postponement and Cancellation of Examinations

The Civil Service Board may postpone or cancel examination at any time for any reasons considered good and sufficient, and such

postponement or cancellation shall not be recorded, with the reasons therefor, in the minutes of the Board. All qualified applicants shall be notified of the Board's action.

### Section 8. Conduct of Examinations

Examinations shall be conducted under the general direction of the Civil Service Board and by qualified examiners as determined by the Board.

a. Applicants shall be refused admittance to take an examination if time tests have started.

b. No candidate shall be admitted to take an examination after any candidate has withdrawn from the examination or has completed his tests and left the room.

c. Once having left the examination room for any cause whatsoever, except as directed by the examiner or monitor, applicants will not be permitted to return to complete the examination.

### Section 9. Examination Grades

The examination grades shall be based on a scale of one hundred points. No appointments or promotions within any class shall be made except from those applicants, not exceeding three, who shall stand highest on the list of those who shall have passed an examination of at least seventy percentum and have received a certificate to that effect from the Civil Service Board and are upon the list of those eligible to such position or promotion under the rules of said board, except supernumerary policemen and substitute firemen. (Section 191, Revised Charter, 1975)

### Section 10. Notice of Results of Examinations

When an eligible list has been established, each competitor shall be notified by mail of the result of his examination and, if successful, of his final grade and his relative position on the eligible list, which shall be subject to meeting the Board's medical standards for employment.

## Section 3. Duration of Eligible Lists

Eligible lists shall be in effect for a period of at least one year but not more than two years from the date of promulgation.

## Section 4. Removal of Eligibles from List

The name of an eligible may be removed from the Register of Eligibles for any of the causes enumerated in Rule II, Section 5. Any former employee who was discharged or who resigned under charges shall not be eligible for reinstatement to any eligible list.

When action is taken under this section, the name of the person affected, if it be upon any list, shall, after due notice to such person and an opportunity to be heard if he so desires, be stricken from such list.

The name of any person appearing on an eligible list may be removed if the eligible person requests in writing that his name be removed or if he has been certified and after having been given two opportunities to accept an appointment to a position from each eligible list and the eligible having refused such appointments, his name shall be removed from the eligible list.

The names of persons on promotional lists who resign from the service automatically shall be dropped from such lists.

An eligible shall be removed from the eligible list if he fails to respond within ten calendar days to a written notice of inquiry concerning his availability for employment.

## Section 5. Change of Address

Each person on an eligible list shall file with the Civil Service Board a written notice of any change of address, and failure to do so may cause his name to be removed from the list.

## Section 6. Reinstatement

A. A person who has resigned from a permanent position, or who has been removed or otherwise separated therefrom for any cause other than fault or delinquency on his part, may be reinstated without examination, at any time within one year from the date of such separation, in a vacant position in the same class and range provided that for such a restoration to such position there is not required by these rules, in the judgment of the Board, an examination involving tests, or qualifications different from or higher than those

— 18 —

## Section 11. Examination Papers

All applications and examination papers are the property of the Civil Service Board.

a. The examination papers of successful candidates shall be public record.

b. Any candidate may review his examination paper with the Civil Service Board provided the request is made within fifteen days after receiving notice of the result of the examination.

c. No examination paper or any part thereof or any statement rated as a part of the examination in connection therewith shall be subject to alteration, addition or emendation by the applicant, or to remarking, except that the Board may correct any manifest error in scoring.

d. An applicant who failed is the only one who can review his own paper.

## Section 12. Re-examination

No person who has entered any examination for a position and failed therein or who has withdrawn therefrom shall be admitted within six months from the date of such examination to a new examination for the same position.

## RULE IV—Eligible Lists

## Section 1. Register of Eligibles

Within sixty working days after the completion of an examination involving less than 100 candidates and within 120 working days after the completion of an examination involving 100 or more candidates, the Civil Service Board shall prepare and maintain a Register of Eligibles for each class of position in the classified service for which either open or promotional examinations have been given. Said Register of Eligibles shall be kept on file in the Office of the Controller.

## Section 2. Promulgation

An eligible list shall be in effect from the date on which it is promulgated.

— 17 —

(b) Additional employees are required (as approved by the Board of Finance)

(c) A vacancy is anticipated

The Civil Service Board shall advise the appointing authority as to the availability of employees for re-employment, requests for transfer, or promotional or eligible lists for the class.

## Section 2. Types of Appointments

All vacancies in the classified service shall be filled by re-employment, transfer, or from an appropriate promotional or eligible list, if available. When no Civil Service list of eligibles exists for a particular class, the Board of Finance may fill any vacancy in such class by a temporary appointment for not more than ninety (90) working days; and within that period, the Civil Service Board shall hold examinations of candidates for the class.

The Board of Finance, when the interests of the City require, shall have authority to extend a temporary appointment for a period of ninety (90) working days but shall not exercise this power more than once in the case of any given appointee.

## Section 3. Priority of Eligible Lists

Appointments shall be made from existing eligible lists in the following order of preference:

a. Re-employment list

b. Transfers

c. Eligible list (promotional)

d. Eligible list (open)

## Section 4. Appointment from Re-employment List

Upon receipt of a written request for an eligible list to fill a vacancy, the Civil Service Board shall transmit from the re-employment list of the names of the eligibles who previously served the City and in the particular class. If no one on the list has previously been employed by the City in said class, the Civil Service Board shall follow the procedures specified in Rule VI, Section 5, below.

— 20 —

---

involved in the examination for appointment to the position formerly held by such person. But no person shall be so reinstated who at any time within a year prior to the date of his separation from the service had been eligible for reinstatement as a suspended employee.

The Board may in its discretion extend the period during which reinstatement may be made under this clause where the person seeking reinstatement resigned his position in order to serve in the Armed Forces of the United States in time of war, and has received an honorable discharge therefrom.

B. Upon the written request of an appointing officer, stating the essential facts regarding a reinstatement proposed under the foregoing clause, the Board will, if such reinstatement be in accordance with law and these rules, issue its certificate to that effect to such officer or appointing authority.

# RULE V—Re-Employment

## Section 1. Re-employment List

An employee who without fault or delinquency on his part has been separated from the classified service because of lack of work or funds shall have his name automatically placed on the re-employment list for his class of position.

a. The placing of such employee's name on said list shall be determined in the same manner as prescribed in Rule XII, Section 4, for order of Layoff, but in reverse order.

b. Said employee shall be certified to vacancies in his class in accordance with Rule VI.

c. Unless the employee is re-employed sooner, his name shall remain on the list for the duration of the list.

# RULE VI—Method of Filling Vacancies

## Section 1. Requests

Written requests for eligible lists shall be made to the Civil Service Board by the appointing authority whenever:

(a) A vacancy occurs

— 19 —

### Section 5. Appointment from Eligible List

Upon receipt of a written request for an eligible list to fill a vacancy in the absence of a re-employment list, the Civil Service Board shall transmit to the personnel director and to the appointing authority, the list of candidates who have successfully passed the examination with their respective marks arranged in order from the highest to the lowest.

## RULE VII—Appointments

### Appointments

*Whenever said board shall have adopted rules relative to the appointment or promotion of any class of such officials, no appointments or promotions within such class shall be made except from those applicants, not exceeding three, who shall stand highest on the list of those who shall have passed an examination of at least seventy per centum and have received a certificate to that effect from said board, and are upon the list of those eligible to such position or promotion, under the rules of said board, excepting supernumerary policemen and substitute firemen. And after the adoption of such rules no removal shall be made of persons holding positions in any department of the city, subject to the provisions of such rules, except for sufficient cause duly shown, which cause shall not be political.* (Section 191, Revised Charter, 1975)

### Appointment Void

*Any appointment or removal made in violation of the provisions of this charter shall be null and void; and, so long as the director of personnel is authorized by the Board of Finance to certify payrolls, it is hereby made the duty of the controller to refrain from making any payment to any persons in the classified service unless the making of such payment is certified by the director of personnel. And said controller shall be chargeable by the city with all monies unlawfully paid to persons appointed in violation of the provisions of this title.* (Section 192, Revised Charter, 1975)

### Appointment-Violation-Misdemeanor

*Any violation of any of the provisions of the foregoing sections relating to Civil Service and appointments thereunder shall be a*

misdemeanor, and any official found guilty of such offense may be punished by fine not exceeding one hundred dollars or thirty days in jail or both. (Section 193, Revised Charter, 1975)

### Section 1. Selection of Appointees

The appointing authority shall appoint from the list of eligibles certified to him by the Civil Service Board as provided in Section 191, Revised Charter, 1975.

### Section 2. Permanent Appointment

Appointment of a person to a position established without limitation as to duration of employment, following his successful completion of the appropriate probationary period hereinafter prescribed, shall be considered a permanent appointment, and said person shall be considered a permanent employee. If the appointing authority fails to act and the employee has completed the required probationary period, said employee shall be considered a permanent employee and entitled to all the rights and privileges of a permanent employee duly recommended and appointed.

### Section 3. Emergency Appointment

In case of extreme emergency as determined by the Mayor, when it is in the interest of public safety, health or welfare to employ persons most readily available for the performance of certain work, an appointing authority may secure the necessary help from suitable eligible lists if available.

Acceptance of an emergency appointment shall not affect the right of a fully qualified eligible to appointment to a permanent position.

The services of an emergency appointee may be terminated at any time by the appointing authority, the Board of Finance and the Civil Service Board and such action shall not be subject to review or appeal.

## RULE VIII—Probationary Period

### Section 1. Probationary Period

All original and promotional appointments shall be tentative and subject to a probationary period of 90 working days.

— 22 —

# RULE IX—Transfers

## Transfer

The mayor shall have power to assign any employee of one department to the temporary performance of similar duties in another department whenever the interests of the city require. (Section 6f, Revised Charter, 1975)

## Section 1. General

A person who has been permanently appointed to a position in the Classified Service Class may be transferred without examination to a similar position in the same class and range in any other department, where there is a vacancy, provided that for original entrance to the position proposed to be filled by transfer, there is not required by these rules, in the judgment of the Civil Service Board, an examination involving tests or qualifications essentially different from or higher than those required in an examination for original entrance to the position from which transfer is sought.

## Section 2. Board of Finance Approval

In such cases, the approval of the Board of Finance shall also be required as it relates to necessary funds to compensate the employee being transferred.

## Section 3. Appointing Authority

Upon written request of an appointing authority, stating the facts with reference to a proposed transfer, accompanied by the consent, also in writing, of the appointing authority from whose jurisdiction the transfer is to be made the Board will, if such transfer be in accordance with law and the provisions of these rules, issue its certification to that effect.

# RULE X—Promotions

## Vacancies

Vacancies in higher positions in the classified service of the City shall as far as practicable be filled by promotion from lower classes upon the basis of competitive tests including a consideration

## Section 2. Objective of Probationary Period

The probationary period shall be regarded as a significant part of the examination process for permanent appointment. This period shall be utilized for closely observing the employee's work, for securing the most effective adjustment of a new employee to his job, and for rejecting any probationary employee whose performance does not meet the required standards of work.

## Section 3. Employee Performance Report

A report of performance of each probationary employee shall be made by the appointing authority to the Board of Finance at the end of the 30th, 60th and 90th working days during the probationary period.

## Section 4. Rejection of Probationer

During the probationary period, an employee may be rejected at any time by the appointing authority if he does not meet employment standards, and such an employee shall be discharged without the right of appeal.

Written notification of the rejection specifying the cause for such rejection shall be served on the probationer and a copy filed with the Civil Service Board.

## Section 5. Rejection Following Promotion

Any employee rejected during a probationary period following a promotional appointment or at the conclusion of such a probationary period shall be returned to the position or class from which he was promoted without the right of appeal.

Written notification of the rejection shall be served on the probationer and a copy filed with the Civil Service Board.

## Section 6. Approval of Permanent Appointment

The final performance report of a probationary employee shall indicate whether or not the employee is recommended for permanent appointment and shall be sent to the Civil Service Board and the Board of Finance.

## Section 7. Temporary Appointment

Time spent and work performed as a temporary appointee shall not be credited to the required probationary period.





of service ratings, provided that in case no persons in the classified service meet the necessary qualifications or it is deemed to the best interests of the City, the Civil Service Board may direct that such position be filled by competitive tests open to any qualified persons (Section 201. Revised Charter 1975)

### Section 1. *Definition*

Promotion means advancing an employee from a position in one class to a position in another class having a higher maximum salary range.

### Section 2. *Method of Examination*

The method of examination, the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment. Promotions shall in every case involve a definite change in duties and an increase in responsibilities.

### Section 3. *Application for Promotional Examination*

Each eligible who wishes to compete for promotion must fill out the prescribed application for promotion and comply with all requirements established for original appointment.

### Section 4. *Temporary Promotions*

(A) An interim or temporary appointment to a higher position made necessary by reason of sickness, disability, authorized leave of absence or military leave of absence of a regular employee may be authorized without examination by the Civil Service Board upon the written request of an appointing authority who shall set forth full information regarding such request and upon the approval of the Board of Finance.

All such temporary promotions shall continue only during such period of sickness, disability, authorized leave of absence or military leave of absence.

(B) An interim or temporary appointment to a higher position made necessary by reason of separation, retirement, resignation or other permanent absence of a regular employee may be authorized pending Civil Service examination either by open competitive or promotional examination as provided in these rules and regulations.

No temporary promotion shall be approved or an employee continue to hold a temporary promotional position whenever a qualified eligible is available to assume said position permanently except as otherwise provided in these rules and regulations.

(C) No such temporarily promoted employee shall be retained in the higher classification after the person replaced returns to duty notwithstanding the creation of another vacancy after the eligible list has expired.

## RULE XI—Voluntary Demotion

### Section 1. *General*

A person who has been permanently appointed to a position in the Classified Service may be voluntarily demoted without examination to a similar position in a lesser class and lower range in any other department where there is a vacancy, provided, that for original entrance to the position proposed to be filled by demotion, there is not required by these rules, in the judgment of the Civil Service Board, an examination involving tests or qualifications essentially different from those required in an examination for original entrance to the position which is sought. Demotion shall follow the normal lines of promotion in reverse order.

### Section 2. *Board of Finance Approval*

In such cases, the approval of the Board of Finance shall also be required as it relates to necessary funds to compensate the employee being demoted.

### Section 3. *Appointing Authority*

Upon written request of an appointing authority, stating the facts with reference to a proposed demotion, accompanied by the consent, also in writing of the appointing officer from whose jurisdiction the demotion is to be made, in addition to the consent of the employee, the Board will, if such demotion be in accordance with law and the provisions of these rules, issue its certification to that effect.

## RULE XII—Resignation, Removal, Layoff

### Section 1. Resignation

An employee in the classified service who desires to resign in good standing shall submit his written resignation to the appointing authority two weeks prior to leaving the service unless the appointing authority consents to his leaving sooner.

Such request shall be forwarded to the Civil Service Board by the appointing authority indicating the actual disposition of the resignation.

### Section 2. Removal

Any officer or employee of the City in the classified service who has completed the probationary period prescribed in accordance with these rules and the City Charter may be removed from office or employment for cause, which cause shall not be political, by the appointing authority.

### Section 3. Reduction in Personnel

The appointing authority shall have the power to lay off any employee because of lack of funds, lack of work, or where there has been an insufficient appropriation to meet the salary requirements necessary to maintain existing personnel in any office, department, agency, division or bureau.

### Section 4. Layoff

Whenever it becomes necessary to reduce the number of employees in a given class because of lack of funds, lack of work, or where there has been an insufficient appropriation to meet the salary requirements necessary to maintain existing personnel, the appointing authority shall, prior to such impending reduction, notify the Civil Service Board of the number of positions in the class to be vacated and the reasons therefor.

A reduction in the number of employees in a class shall be made in the following order: temporary, probationary, permanent.

Layoff shall be determined in the order of seniority within each class within the total classified service.

— 27 —

## RULE XIII—Leaves of Absence

### Section 1. Special Leaves Without Pay

A permanent employee who for medical reasons is unable to perform his duties or who desires to engage in a course of study such as will increase his usefulness to the City and who desires to secure leave from his regular duties accordingly may be granted special leave of absence without pay for a period not to exceed one year, depending upon the needs of the City and upon the recommendation of the appointing authority and the approval of the Civil Service Board.

Such leave shall not be extended nor shall it be granted for an employee to assume another position in the classified or unclassified service of the City of New Haven or to assume a position in any other jurisdiction, public or private.

Pregnancy shall be considered to be leave for medical reasons.

An employee asking for such special leave without pay shall submit his request in writing to the appointing authority and the Civil Service Board. Upon approval in writing of the appointing authority and the Civil Service Board such leave shall be granted for the period specified.

### Section 2. Military Leave

See Appendix II, Sec. 2-75.

### Section 3. Leaves of Absence — Less Than Thirty Days

Subject to any fiscal requirements specified by the Board of Finance, an appointing authority may grant a leave of absence with or without pay when such leave does not exceed thirty calendar days.

## RULE XIV—Unskilled Labor Service

### Section 1. General

An laborer, to be employed by the City shall appear before the Civil Service Board and their selection shall relate only to their capacity for labor, their habits as to industry, honesty and sobriety.

— 28 —

## APPENDIX I

(1) "Armed forces" means the United States army, navy, marine corps, coast guard and air force; (2) "veteran" means any person honorably discharged from, or released under honorable conditions from active service in, the armed forces; (3) service in time of war shall be service during the Spanish-American war, April 21, 1898, to August 13, 1898; the Philippine insurrection, August 13, 1898, to July 4, 1902, but as to engagements in the Moro Province, to July 15, 1903; the Boxer rebellion, June 20, 1900, to May 12, 1901; the Cuban pacification, September 12, 1906, to April 1, 1909; the Nicaraguan campaign, August 28, 1912, to November 2, 1913; the Haitian campaign, July 9, 1915, to December 6, 1915; the punitive expedition into Mexico, March 10, 1916, to April 6, 1917; World War I, April 6, 1917, to November 11, 1918; but as to service in Russia, to April 1, 1920; World War II, December 7, 1941, to December 31, 1946; and the Korean hostilities, June 27, 1950, to October 27, 1953.

— 30 —





### Section 2. Applications and List

Unskilled laborers shall be placed on appropriate eligible lists in order of priority of application after qualifying in such tests of physical and mental fitness as the Civil Service Board may prescribe.

All applicants must fulfill the requirements for City employment specified in Rule II.

## RULE XV—General

### Political Activity Prohibited

No person employed by the city under civil service status shall participate in any manner in any political activity on behalf of any political party or candidate for election other than to cast his vote in any election and express his opinion as a citizen with relation to any political issue before the electorate. Any violation of this section by a person employed by the city under civil service status shall be adequate reason for dismissal. (Ord. of 4-1-46)

(Sec. 2-76, Code of General Ordinances, City of New Haven)

### Saving Clause

If any section or a part of a section of these rules and regulations is held by any court to be invalid or unconstitutional, the same shall not invalidate or impair the validity, the force and effect of any or all other section(s) or part(s) of a section(s) of these rules and regulations. All rules and sections in these rules and regulations which are contrary to statutory provisions relating to the Housing Authority are null and void.

— 29 —

## APPENDIX II

(2) Leaves of absence for military duty. (Sec. 2-75)
Code of General Ordinances, City of New Haven

(a) Leaves granted. Every employee of the city, excepting temporary employees, upon enlistment or receipt of an order directing him to report for service with the armed forces of the United States, the national guard, naval reserve or other unit, or upon entering civil emergency defense employment pursuant to requisition by the federal or state government or both, shall be given a leave of absence from the employ of the city during the period of such service or employment.

(b) Reinstatement. Every such employee of the city shall be reinstated to the position occupied by him upon entering any of said forms of service, and such position shall be available to such person immediately upon his release or return from service, providing that such position has not been abolished for good and sufficient cause, providing such employee shall have contracted no physical or mental disability which would incapacitate him from performing his usual duties in such position, and providing such employee shall resume such employment, or advise the commissioner in charge of the bureau or department in which he has been employed, of his intention to return to his position in the city service in which event the commissioner shall allow such time for such employee to return as he may deem proper under the circumstances, but in any event not more than ninety days shall elapse between the time of release or return from such federal or state service or employment, or both, and resumption of city employment period.

(c) Investigation of disability before reinstatement. The mayor is hereby empowered to appoint a nonpartisan commission of three members, one of whom shall be a physician, to pass upon all questions of physical and/or mental disability which may arise out of the application of any employee to resume his former employment by the city after being granted a leave of absence under this section.

(d) Rights not affected. Absence from employment, by the city under the provisions of this section shall not operate to deprive any employee of any benefit of civil service or the benefits under the provisions of any statute or ordinance now existing or hereafter enacted relating to sick leave, vacations, or any other or similar benefits, and such employee shall be deemed to have been in continuous employ of the city during such absence for such service.

(e) Controller to furnish copies of section. It shall be the duty of the controller of the city to deliver to any employee of the city granted a leave of absence under the terms of this section, a copy of said section, expressing the policy of the board of aldermen, together with a copy of the authority granting leave to the particular individual named therein. The controller is hereby directed, upon delivery of the copy of said section and authority granting leave of absence to obtain from such employee, in the manner and form approved by the controller, a signed receipt showing that said employee has received and acknowledges receipt thereof. Such receipt shall be in duplicate, one copy of which shall be filed in a permanent file by the controller, and a duplicate filed with the civil service commission of the city.





No. 412193
SHERYL BROADNAX, ET AL.                SUPERIOR COURT


        VS.                            JUDICIAL DISTRICT OF NEW HAVEN


CITY OF NEW HAVEN, ET AL.          May 16, 2000

JUDICIAL DISTRICT OF NEW HAVEN
SUPERIOR COURT
F I L E D
MAY 16 2000
CHIEF CLERK'S OFFICE

### MEMORANDUM OF DECISION

The plaintiffs bring this action seeking various relief for the practice in the New Haven fire department known as underfilling. Underfilling in the context of this action occurred when there were several vacancies in the position of captain in the fire department, and no persons on a valid civil service eligibility list for that rank. Taking the money that had been budgeted for those positions, the fire department created ten more lieutenants than the forty-eight allotted in the budget by appointing otherwise eligible firefighters to the rank of lieutenant. Importantly, these ten additional lieutenants, by virtue of their rank, are now eligible to take the captain's examination. The plaintiffs allege that they have no adequate remedy at law and will suffer irreparable harm if the ten additional lieutenants, who received their rank by the practice of underfilling, are allowed to take the captain's examination.

The plaintiffs, Sheryl Broadnax, John R. Brantley and Teixiera, are lieutenants in the New Haven fire department (department). The plaintiffs, Clifford Petteway and Ronald Benson, are firefighters with the department. The

JUDICIAL DISTRICT OF NEW HAVEN
SUPERIOR COURT
FILED
MAY 16 2000
CHIEF CLERK'S OFFICE

Counsel/Pro Se Parties notified 5/19 20 00
By ☐ JDNO   ☒ Copy of Memo   ☐ Other

155

(102)

| DOCKET NO. CV 98-0412193 S | : SUPERIOR COURT |
|---|---|
| SHERYL BROADNAX, et al | : JUDICIAL DISTRICT |
| | OF NEW HAVEN |
| V. | : AT NEW HAVEN |
| CITY OF NEW HAVEN, et al | : DECEMBER 5, 2000 |

## MEMORANDUM OF DECISION
## RE: MOTION TO STRIKE SUBSTITUTED COMPLAINT

This is a lawsuit brought by African American members of the New Haven Fire Department challenging the promotional practice known as "underfilling."[1] The defendants, City of New Haven, New Haven Department of Fire Services, New Haven Board of Fire Commissioners and New Haven Civil Service Commission (hereinafter the "City") have moved to strike the plaintiffs' Substituted Complaint dated May 31, 2000. For the reasons set forth below, the motion to strike is granted.

---

[1] Underfilling is the practice whereby, instead of filling a vacant position of higher rank and pay, the Fire Department enlarges the number of positions of a lower rank and pay. In this case, the plaintiffs allege that the budget for fiscal year 1998 allotted for forty-eight lieutenant positions, but through underfilling, the department underfilled ten more lieutenant positions. The plaintiffs allege that all ten additional position were given to Caucasian firefighters and that all fifty-eight lieutenants were eligible to take the examination for promotion to captain.

JUDICIAL DISTRICT OF NEW HAVEN
SUPERIOR COURT
FILED

DEC 05 2000

CHIEF CLERK'S OFFICE

Counsel/Pro Se Parties notified 12/5 20 _00_
By ☐ JDNO   ☑ Copy of Memo   ☐ Other

(P2)

164



NO. CV98-0412193-S                    :    SUPERIOR COURT

SHERYL BROADNAX ET AL.         :    JUDICIAL DISTRICT OF NEW HAVEN

V.                            :    AT NEW HAVEN

CITY OF NEW HAVEN ET AL.       :    APRIL 18, 2001


## MEMORANDUM OF DECISION

## RE: MUNICIPAL DEFENDANTS' MOTION TO STRIKE DOCUMENT

## CAPTIONED SECOND SUBSTITUTED COMPLAINT AND FILED WITH

## LEAVE JANUARY 8, 2001 (#170)


## BACKGROUND

This is a lawsuit brought by African American members of the New Haven Fire

Department challenging the promotional practice known as "underfilling."[1]    The

defendants, City of New Haven, New Haven Department of Fire Services, New Haven

Board of Fire Commissioners and New Haven Civil Service Commission (hereinafter

---

[1] Underfilling is the practice whereby, instead of filling a vacant position of higher rank and pay, the Fire Department enlarges the number of positions of a lower rank and pay. In this case, the plaintiffs allege that the budget for fiscal year 1998 allotted for forty-eight lieutenant positions but through underfilling, the department underfilled ten more lieutenant positions. The plaintiffs allege that all ten additional positions were given to Caucasian firefighters and that all fifty-eight lieutenants were eligible to take the examination of promotion to captain.

JUDICIAL DISTRICT OF NEW HAVEN
SUPERIOR COURT
FILED

APR 18 2001

CHIEF CLERK'S OFFICE

Counsel/Pro Se Parties notified 4-19-2001
By ☐ JDNO    ☒ Copy of Memo    ☐ Other



DOCKET NO. 412193         : SUPERIOR COURT

SHERYL BROADNAX, ET AL      : JUDICIAL DISTRICT OF NEW HAVEN

          V.                 : AT NEW HAVEN

CITY OF NEW HAVEN, ET AL      : FEBRUARY 27, 2002

## MEMORANDUM OF DECISION

The plaintiffs bring this declaratory judgment action seeking various relief from the practice in the New Haven Fire Department known as underfilling.   The plaintiffs Sheryl Broadnax, John R. Brantley and Christopher Texiera are Lieutenants in the New Haven Fire Department (department). The plaintiff Ronald Benson is a Firefighter with the department; the plaintiff Clifton Pettaway was a Firefighter with the department who was, during the pendency of this litigation, terminated for reasons apparently unrelated to this litigation; the plaintiff Danny Dolphin is a Firefighter/EMT with the department. Neither Dolphin nor Pettaway have ever passed the Lieutenant eligibility exam.  The defendants are the Fire Department, the City of New Haven, the Board of Fire Commissioners of the City of New Haven and the Civil Service Commission of the City of New Haven.

Counsel/Pro Se Parties notified FEB. 28 2002
By ☐ JDNO  ☒ Copy of Memo  ☐ Other

REPORTER OF JUDICIAL DECISIONS
Supreme Court Building
231 Capitol Avenue
Hartford, CT 06106

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

FEB 27 2002

CHIEF CLERK'S OFFICE

P4

20

IN THE
SUPREME COURT
FOR THE
STATE OF CONNECTICUT

NO. S.C. 16786

**SHERYL BROADNAX, ET AL.,**
**Plaintiffs-Appellees**
**Cross-Appellants**

**VS.**

**CITY OF NEW HAVEN, ET AL.,**
**Appellants-Cross Appellees**

On Appeal From The Superior Court
For The Judicial District Of New Haven
Docket No. CV 98 - 0412193 S
(Hon. Lynda B. Munro, J.)

BRIEF OF APPELLANTS-CROSS APPELLEES

MARTIN S. ECHTER
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Juris No. 42715
        Attorney for Appellants-Cross Appellees

To Be Argued By:

Martin S. Echter



**IN THE**
**SUPREME COURT**
**FOR THE**
**STATE OF CONNECTICUT**

---

**NO. S.C. 16786**

---

**SHERYL BROADNAX, ET AL.,**
**Plaintiffs-Appellees**
**Cross-Appellants**

**VS.**

**CITY OF NEW HAVEN, ET AL.,**
**Appellants-Cross Appellees**

---

**On Appeal From The Superior Court**
**For The Judicial District Of New Haven**
**Docket No. CV 98 - 0412193 S**
**(Hon. Lynda B. Munro, J.)**

---

**REPLY BRIEF OF APPELLANTS-CROSS APPELLEES**
**AND**
**OPPOSITION TO CROSS-APPEAL**

---

**MARTIN S. ECHTER**
**Deputy Corporation Counsel**
**165 Church Street, 4th Floor**
**New Haven, CT 06510**
**Phone: (203) 946-7958**
**Fax: (203) 946-7942**
**Juris No. 42715**
**Attorney for Appellants-Cross Appellees**

**To Be Argued By:**

**Martin S. Echter**



DOCKET NO. CV 98-0412193 S                    : SUPERIOR COURT

SHERYL BROADNAX, ET AL

     V.

CITY OF NEW HAVEN, ET AL                       : JUDICIAL DISTRICT OF NEW HAVEN

------------------------------------------------

DOCKET NO. CV 89-0288183 S                    : **(NOT CONSOLIDATED)**

NEW HAVE FIREBIRDS SOCIETY,
ET AL.
                                                                   : AT NEW HAVEN
     V.

BOARD OF FIRE COMMISSIONERS
OF NEW HAVEN, ET AL.                          : JULY 25, 2003

### MEMORANDUM OF DECISION

    The plaintiffs in the above two cases have filed a motion for contempt in each file for claims arising out of conduct of the defendants pertaining to a single set of events that the plaintiffs claim should result in a contempt finding in each file.  The court's holding and orders in each file is different.

    These motions for contempt were heard on January 21, 2003.  Because of agreed to extensions, the parties' briefs were not submitted until June 6, 2003.

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

JUL 2 5 2003

CHIEF CLERK'S OFFICE

P7

IN THE
SUPREME COURT
FOR THE
STATE OF CONNECTICUT

NO. S.C. 16786

SHERYL BROADNAX, ET AL.,
**Plaintiffs-Appellees**
**Cross-Appellants**

VS.

CITY OF NEW HAVEN, ET AL.,
Appellants-Cross Appellees

On Appeal From The Superior Court
For The Judicial District Of New Haven
Docket No. CV 98 - 0412193 S
(Hon. Lynda B. Munro, J.)

SUPPLEMENTAL BRIEF
OF APPELLANTS-CROSS APPELLEES
DUE TO AMENDED APPEAL

MARTIN S. ECHTER
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Juris No. 42715
    Attorney for Appellants-Cross Appellees

To Be Argued By:

Martin S. Echter



*Final*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERYL P. BROADNAX,              :      3:98CV807(WWE)
        Plaintiff               :      3:02CV123(WWE)
                                :
v.                              :
                                :
CITY OF NEW HAVEN,              :
        Defendant               :

### SPECIAL VERDICT FORM

**RACE AND/OR GENDER DISCRIMINATION**

1.  Do you find that the plaintiff Sheryl Broadnax has proven by

    a preponderance of the evidence that she was discriminated

    against by the defendant City of New Haven on the basis of

    her race and/or gender, pursuant to Title VII of the Civil

    Rights Act of 1964?

        Race:           YES _____        NO __✓__

        Gender:         YES __✓__        NO_____

**If you have answered "YES" to either part of Question # 1, please
proceed to Question # 2.  If you answered "NO" to both parts of
Question # 1, please proceed to Question # 3.**

2.  Do you find that the discrimination on the basis of race

    and/or gender by the defendant City of New Haven was a

    proximate cause for harm or damage to the plaintiff Sheryl

    Broadnax?

        Race:           YES _____        NO _____

        Gender:         YES _✓_          NO_____

1

*P9*

Please proceed to Question # 3.

**HOSTILE WORK ENVIRONMENT**

3.   Do you find that the plaintiff Sheryl Broadnax has proven by a preponderance of the evidence that the defendant City of New Haven permitted a hostile work environment to exist for the plaintiff Sheryl Broadnax?

YES __✓__          NO_____

**If you have answered "YES" to Question # 3, please proceed to Question # 4.  If you answered "NO" to Question # 3, please proceed to Question # 5.**

4.   Do you find that the hostile work environment permitted by the defendant City of New Haven was a proximate cause for harm or damage to the plaintiff Sheryl Broadnax?

YES__✓__          NO_____

Please proceed to Question # 5.

**RETALIATION**

5.   Do you find that the defendant City of New Haven retaliated against plaintiff Sheryl Broadnax for filing court and state or federal administrative complaints against the City of New Haven for race and/or gender discrimination?

YES__✓__          NO_____

**If you have answered "YES" to Question # 5, please proceed to Question # 6.  If you answered "NO" to Question # 5, please**

2

proceed to Question # 7.

6.    Do you find that the retaliation by the defendant City of
      New Haven was a proximate cause for harm or damage to the
      plaintiff Sheryl Broadnax?

                    YES  ✓                NO  _____

**Please proceed to Question # 7.**

**EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT**

7.    Do you find that the plaintiff Sheryl Broadnax has proven by
      a preponderance of the evidence that the defendant City of
      New Haven violated her right to Equal Protection under the
      Fourteenth Amendment to the Constitution of the United
      States?

                    YES  ✓                NO  _____

**If you have answered "YES" to Question # 7, please proceed to
Question # 8.   If you answered "NO" to Question # 7, please
proceed to Question # 9.**

8.    Do you find that the denial of the right to equal protection
      of the law under the Fourteenth Amendment to the United
      States Constitution by the defendant City of New Haven was a
      proximate cause for harm or damage to the plaintiff Sheryl
      Broadnax?

                    YES  ✓                NO  _____

3

1

2    **Please proceed to Question # 9.**

3    <u>**FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT**</u>
4

5    9.    Do you find by a preponderance of the evidence that the

6          plaintiff Sheryl Broadnax suffered adverse treatment in

7          retaliation for exercising her right to freedom of speech?

8                    YES___✓___                . NO_____

9

10   **If you have answered "YES" to Question # 9, please proceed to**
11   **Question # 10.   If you answered "NO" to Question # 9, please**
12   **proceed to Question # 12.**
13

14   10.   Do you find that the plaintiff Sheryl Broadnax has proved by

15         a preponderance of the evidence that her exercise of her

16         right to freedom of speech was a substantial or motivating

17         factor in the adverse treatment?

18                    YES___✓___                NO_____

19

20   **If you have answered "YES" to Question # 10, please proceed to**
21   **Question # 11.   If you answered "NO" to Question # 10, please**
22   **proceed to Question # 12.**
23

24   11.   Do you find that the adverse treatment by the City of New

25         Haven which was motivated by the  plaintiff's exercise of

26         her right to free speech was a proximate cause for harm or

27         damage to the plaintiff Sheryl Broadnax?

28                    YES___✓___                NO_____

4

Please proceed to Question # 12.

**DAMAGES**

12.  If you have answered "YES" to any of the Questions above
     numbered 2, 4, 6, 8, or 11, what amount of compensatory or
     nominal damages do you award the plaintiff Sheryl Broadnax?

     Lost wages:          $ 965,571 00

     Other:          2.  $ 1 00

                     4.  $ 90,000 00

                     6.  $ 341,200.00

                     8.  $ 50,000

                    11.  $ 341,200 00

     Total               $ ~~1,117,176 00~~

                         $1,446,772 00/100

                    Foreperson:    Ahern

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SHERYL P. BROADNAX            :  NO. 3:98CV00807 (WWE)

V.                            :

CITY OF NEW HAVEN            :  OCTOBER 22, 2003

_____

SHERYL P. BROADNAX            :  NO. 3:02CV00123 (WWE)

V.                            :

CITY OF NEW HAVEN            :  OCTOBER 22, 2003

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

For the reasons more fully set forth in the accompanying Memorandum, the defense, posttrial, respectfully renews our motion for judgment as a matter of law, or in the alternative, requests a new trial as to all portions of the verdict adverse to the defense. 1

Please note that this motion is being prepared without benefit of the trial transcript, but the transcript has been ordered and we anticipate it may be available when plaintiff's response is due and in time to prepare our reply to plaintiff's opposition.

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

_____

1    The jury returned its verdict Friday, October 3, 2003.   A Judgment was signed and file stamped Monday, October 6, 2003.  The Judgment is marked as "Entered on Docket "10 / 7 / 03."

(footnote continued. . .)

P 10

Exhibit O

## STATE OF CONNECTICUT
## DEPARTMENT OF LABOR

### STATE BOARD OF MEDIATION AND ARBITRATION

### ARBITRATION AWARD

| | |
|---|---|
| In the matter of | ) CASE NO. 2002 A 806 |
| City of New Haven | ) AWARD DATE: November 19, 2002 |
| -and- | ) HEARING DATE: June 19 and August 29, 2002 |
| Local 825, IAFF, AFL-CIO | ) LOCATION OF HEARING: Dept. of Labor, Wethersfield, CT |
| | ) EXECUTIVE SESSION: October 30, 2002 |

**APPEARANCES:**

For the Company: William F. Clark, Director of Labor Relations
For the Union:   Patricia Cofrancesco, Esq.

### ISSUE

Did the New Haven Board of Fire Commissioners have just cause to terminate Sheryl Broadnax on February 25, 2002? If not what shall the remedy be?



P 11

DOCKET NO. CV 03-0472402 S    :    SUPERIOR COURT

NEW HAVEN FIREFIGHTERS    :    JUDICIAL DISTRICT OF NEW HAVEN
   LOCAL 825, IAFF

V.    :    AT NEW HAVEN

CITY OF NEW HAVEN, ET AL.    :    APRIL 29, 2003

## <u>RESP0NDENTS MEMORANDUM IN</u>

## <u>OPPOSITION TO APPLICATION TO VACATE ARBITRATION AWARD</u>

     The City of New Haven herewith oppose the Application of the plaintiff Union to vacate that portion of the Arbitration Award of the State of Connecticut Department of Labor, State Board of Mediation and Arbitration, In the matter of City of New Haven and Local 825, IAFF, AFL-CIO, Case No. 2002 A 806, dated November 19, 2002, which portion imposed a suspension.

     The issue presented to the State Board of Mediation and Arbitration had two parts:  "Did the New Haven Board of Fire Commissioners have just cause to terminate Sheryl Broadnax on February 25, 2002?  If not what shall the remedy be?"

     The Board of Mediation and Arbitration, after hearing and written discussion and analysis, determined the following "Award:"

>      The NHBFC [New Haven Board of Fire Commissioners] <u>did not</u> have just cause to terminate Sheryl Broadnax <u>but did</u> have just cause to suspend her for rule violations.  The remedy is a suspension without pay or benefits from February 25 to August 31, 2002.  She shall be reinstated to her position effective September 1, 2002, with benefits from that date, no loss of seniority, and pay less any employment compensation received subsequent to September 1, 2002.

[Decision of the State Board of Mediation and Arbitration, page 11 (emphasis added).]

Judicial District of New H...
SUPERIOR COURT
FILED
APR 29 2003
CHIEF CLERK'S O...

P12

DOCKET NO.  CV 03-0472402 S                  :  SUPERIOR COURT

NEW HAVEN FIREFIGHTERS                      :  JUDICIAL DISTRICT OF NEW HAVEN
LOCAL 825, IAFF

      V.                                                       :  AT NEW HAVEN

CITY OF NEW HAVEN                            :  AUGUST 5, 2003

### MEMORANDUM OF DECISION

This matter is before the court on an application to vacate arbitration award. Applicant is New Haven Firefighters Local 825 ("Union").  The respondent is the City of New Haven ("City").

The plaintiff is the collective bargaining unit for the City of New Haven Firefighters. Pursuant to a collective bargaining agreement between the Union and the City, the parties submit to arbitration before the State Board of Mediation and Arbitration ("Board") disputes over matters pertaining to the employer-employee relationship and matters concerning the interpretation and application of the collective bargaining agreement.

Sheryl Broadnax, a member of the Union, was terminated by the City for conduct specified by the City.  The Union, on Ms. Broadnax's behalf grieved the matter and it was heard by the Board.  The issue before the Board was, "Did the New Haven Board of Fire



CRITICAL

# APPEAL - CIVIL

JD-SC-28 Rev. 2-99
P.B. §§ 3-8, 62-8, 63-3, 63-4, 63-10
C.G.S. §§ 51-197f, 52-470

INSTRUCTIONS
1. Prepare on typewriter.
2. Sign "Appeal" and "Certification" sections, marked by X below.
3. Submit the original to the trial court clerk, who shall endorse it and return an endorsed photocopy to counsel.
4. The trial court clerk shall send a copy of the endorsed appeal form to the trial judge.
5. Counsel shall file the endorsed copy of the appeal form, along with the papers required by P.B. §§ 63-3 and 63-4 with the Appellate Clerk.

☐ TO SUPREME COURT
☒ TO APPELLATE COURT

**NAME OF CASE** (State full name of case as appears in judgment file)
New Haven Firefighters Local 825, IAFF v. City of New Haven

**CLASSIFICATION**
☒ APPEAL  ☐ CROSS APPEAL  ☐ JOINT APPEAL  ☐ AMENDED APPEAL  ☐ CONSOLIDATED APPEAL  ☐ STIPULATION FOR RESERVATION  ☐ CORRECTED/AMENDED APPEAL FORM  ☐ OTHER (Specify)

**TRIAL COURT HISTORY**

TRIED TO: ☒ COURT  ☐ JURY

TRIAL COURT LOCATION: Judicial District of New Haven, At New Haven

TRIAL COURT JUDGE: L. B. Munro

LIST ALL TRIAL COURT DOCKET NUMBERS: CV 03-0472402

JUDGMENT FOR (Where there are multiple parties, specify any individual party(ies) for whom judgment may have been entered.)
☒ PLAINTIFF  ☐ DEFENDANT  ☐ OTHER:

JUDGMENT DATE: August 5, 2003

DATE FOR FILING EXTENDED APPEAL:

DATE OF ISSUANCE OF NOTICE ON ANY ORDER ON ANY MOTION WHICH WOULD RENDER JUDGMENT INEFFECTIVE:

CASE TYPE
☐ JUVENILE  ☒ CIVIL: Major/Minor code M 40  ☐ FAMILY  ☐ WORKERS COMPENSATION
☐ HABEAS CORPUS  ☐ OTHER

For habeas corpus or zoning appeals indicate the date certification was granted:

DATE CERTIFICATION GRANTED:

**APPEAL**

APPEAL FILED BY (Where there are multiple parties, specify the name of the individual party(ies) filing this appeal.)
☐ PLAINTIFF  ☒ DEFENDANT  ☐ OTHER

FROM (the action which constitutes the final judgment): The August 5, 2003 Memorandum of Decision vacating that portion of the arbitration award that imposed a six month suspension without pay.

IF TO SUPREME COURT, STATUTORY BASIS FOR THE APPEAL (C.G.S. § 51-199)

BY (Signature of attorney or pro se party)
X Martin S. Echter

TELEPHONE NO. (203)946-7958
FAX NO. (203)946-7942
JURIS NO. (If applicable) 42715

**APPEARANCE**

TYPE NAME AND ADDRESS OF PERSON SIGNING ABOVE (This is your appearance; see P.B. § 62-8)
Martin S. Echter, Deputy Corporation Counsel, 165 Church St,4th Flr, New Haven,CT 06510

"X" ONE IF APPLICABLE
☐ Pursuant to P.B. § 62-8, counsel who files this appeal shall be deemed to have appeared in addition to counsel who appeared in the trial court.
☐ Pursuant to P.B. § 3-8 counsel who files this appeal is appearing in lieu of:

NAME OF COUNSEL AND JURIS NO.

**ATTACHMENTS**

INDICATE WHICH OF THE FOLLOWING ARE ATTACHED BY PLACING AN "X" IN THE PROPER BOX(ES)
☒ 1. PRELIMINARY STATEMENT OF THE ISSUES
☒ 2. PRELIMINARY DESIGNATION OF PLEADINGS
☒ 3. COURT REPORTER'S ACKNOWLEDGMENT/CERTIFICATE RE TRANSCRIPT
☒ 4. DOCKETING STATEMENT
☒ 5. STATEMENT FOR PREARGUMENT CONFERENCE
☒ 6. DRAFT JUDGMENT FILE
☒ 7. CONSTITUTIONALITY NOTICE
☒ 8. DS1 (DOCKET SHEETS)

**CERTIFICATION**
P.B. § 63-3

I HEREBY CERTIFY THAT A COPY HEREOF WAS SERVED ON ALL COUNSEL AND PRO SE PARTIES OF RECORD IN ACCORDANCE WITH THE PROVISIONS OF P.B. § 62-7 ON:*

DATE: Aug. 22, 2003

SIGNED (Individual counsel)
X Martin S. Echter

* Attach list with name, address, telephone and facsimile numbers of each counsel and pro se party served.

**TO BE COMPLETED BY TRIAL COURT CLERK**

☐ Entry Fee Paid
☐ No Fees Required
☐ Fees, Costs, and Security waived by Judge:

JUDGE

DATE

SIGNED (Clerk of trial court)

COURT USE ONLY - FILE DATE