UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW MARCARELLI,          :     NO. 3:01CV02210 (JGM)
    Plaintiff

VS.                          :

CITY OF NEW HAVEN, ET AL.    :     DECEMBER 22, 2003
    Defendants

### DEFENDANT CITY OF NEW HAVEN'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MDEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendant City of New Haven filed an October 24, 2003 Motion to Dismiss which we anticipate the Court will treat as a motion for summary judgment in light of the Court's request for the Rule 56(a)1 Statement which we filed.

While we believe most of the Opposition does not require reply, we file this very short memorandum to point out that plaintiff's own Opposition further supports the City's request for relief.

1. <u>Alleged failure to investigate.</u> After finding no discrimination, Judge Arterton allowed the plaintiff to refile his complaint to clarify his initial assertion of alleged retaliation.

Mr. Marcarelli's argument had been that the City failed to investigate his claims because City officials were intimidated by Ms. Broadnax's litigiousness.

We already demonstrated that his complaint of sexual harassment on or about December 7, 1998 (the allegedly obscene photo incident) was in fact investigated, and, indeed, investigated by the Corporation Counsel's Chief Investigator Richard Bayer, in the company of an Assistant Corporation Counsel.

Moreover, plaintiff's proferred rationale or motive of fear of Ms. Broadnax's litigiousness is not itself a retaliation claim. The City certainly cannot rationally be accused of retaliating against Mr. Marcarelli for something Ms. Broadnax had done or might do in the future.

However, in his Opposition, at pages 4 through 5, Mr. Marcarelli itemizes what he claims are a number of false accusations made against him by Sheryl Broadnax between February 8 and June 14, 2003, apparently with the suggestion that those were not adequately investigated in retaliation for his having filed a complaint.

He certainly cannot logically be claiming "retaliation" because we were still intimidated by Ms. Broadnax's litigiousness. I suppose he may be arguing that fear of such litigiousness is a motive, however illogical, but that is not stating a claim of "retaliation."

Instead, plaintiff may be arguing that the City failed to investigate the February 8 through June 14, 2003 matters in retaliation for his having filed the complaint about the December 7, 1998 incident.

In this regard we particularly call the Court's attention to the second and third pages of Plaintiff's Exhibit 13, appended to his Opposition (a marking "J-2" appears on the bottom of the second page), i.e., the City's "Third Step Grievance Decision" in the matter of "Matthew Marcarelli Grievance No. 825-98-25." That exhibit references the City's (A) third step grievance hearing on June 15, 1999, (B) at which testimony was received and information reviewed, (C) express consideration of "voluminous

-2-

documentation from the training center, including documentation prepared by the Grievant [Mr. Marcarelli]," as well as (D) the unwillingness of the Union or staff members (i.e., including Mr. Marcarelli) to agree to mediation.

Thus, the plaintiff's own exhibit demonstrates that it is undisputed that his complaints about matters between February 8, 1999 and June 14, 1999 were investigated.

That those complaints were not resolved to his satisfaction does not state a claim.

2. <u>Alleged "history" of retaliation claims.</u>    Plaintiff claims other lawsuits involving the New Haven Fire Service which "<u>allege</u> retaliatory practices." (See plaintiff's Opposition, pages 25-26, underlining added.) Mere allegation in a lawsuit is not evidence of any policy or practice by the City of retaliating in general or, more particularly, retaliating for complaining about fellow firefighters, and in fact few of the cited cases even alleged retaliation. 1

3. <u>Harrison Broadnax.</u>    Plaintiff has referred to Harrison Broadnax, Sheryl Broadnax's father and also a city employee, but has offered no evidence that Mr. Broadnax had any involvement in the investigation of Mr. Marcarelli's complaints

---

1    As to this allegation of a history of retaliation complaints, it is part of the plaintiff's burden to make a properly sworn and documented allegation as part of his response to our Rule 56(a)1 Statement, not mere recitation in his attorney's memorandum, <u>or</u>, at least to cite to published court rulings that arguably support his claim of such a history. Having failed to do so, the mere textual allegations by plaintiff's attorney do not establish a disputed material fact. If and when plaintiff makes allegations in proper form, and in good faith, we will document the following facts.

(footnote continued. . . .)

or that such investigation was part of his ordinary responsibilities (and there is no such evidence as to either his responsibilities or involvement).  Manifestly, the only evidence of record is that the Fire Chief, the staff of the City Corporation Counsel (the City's Chief legal advisor) the investigations at issue, and the City Personnel Director responded to the official grievance.

Even if, hypothetically, Harrison Broadnax's ordinary responsibilities had involved investigating individual complaints of it would have been logical and

---

(. . . footnote continued)

As to the cited <u>Whelan case</u>, (A) it is so old that we no longer have readily available a copy of the complaint and do not even know what it alleges, (B) since it was not filed until August 1991 it might very well have involved an incident up to three years prior to that and therefore is so remote as to be irrelevant, particularly since Fire Chief Dennis Daniels was not a party to that case and did not become Chief years later), and (D) this very Court's docket sheets, of which the Court may take judicial notice, indicate that the case was settled without findings of wrongdoing.

The <u>New Haven Firebirds</u> case cited concerned only a declaratory judgment for an alleged violation of civil service rules, not retaliation.

The <u>New Haven Firefighters, Local 825</u> case cited also did not involve a claim of retaliation, but rather was Sheryl Broadnax's appeal from a decision of the State Board of Arbitration upholding a sixth month suspension for standing by while a fellow firefighter improperly accessed the Fire Department's master personnel list without authorization.

The State <u>Broadnax</u> case claimed a violation of the City Charter and racial discrimination in the funding of certain promotions. The initial complaints included a conclusory reference to "retaliation," but after a "Motion to Strike" was granted as to the Third Amended Complaint that claim was never repled.

Only the two cited federal <u>Broadnax</u> cases alleged retaliation, and the retaliation found to have occurred was the claim that the City retaliated largely because Ms. Broadnax complained about Mr. Marcarelli and others in the Training Academy.

-4-

appropriate to have independent persons, such as the staff of the Office of Corporation Counsel, investigate the complaint against his daughter.

4. <u>Equal protection; relevant state cases.</u>   At page 7 of our October 24, 2003 Motion we argued that the plaintiff's due process and equal protection claims cannot survive Judge Arterton's ruling, and we briefly referenced that the State Constitutional provisions relied on by plaintiff are generally applied in the same manner as the comparable federal constitutional provisions.   In fact, one of those cited provisions is also wholly irrelevant to this case. 2

---

2        As to Article First, Section 1 (equality of rights), see <u>Zapata</u> v. <u>Burns</u>, 207 Conn. 496, 542 A.2d 700 (1988).

As to Article First, Section 10 (right of redress for injuries), this provision does not create new substantive rights, <u>Binette</u> v. <u>Sabo</u>, 244 Conn. 23, 710 A.2d 688 (1998), but merely incorporates certain common law or statutory rights existing before 1818. <u>Moore</u> v. <u>Ganim</u>, 233 Conn. 557, 660 A.2d 742 (1995). In this instance plaintiff may be seeking to analogize this provision to the federal Constitution's right to redress grievances, but even if that were an otherwise hypothetically appropriately cited State constitutional provision it still does establish even a right to redress where where the legislature has established a reasonably adequate statutory alternative, in this instance the Connecticut Municipal Employees Relations Act which authorizes the grievance and arbitration procedure recognized by the collective bargaining agreement to which the City and Mr. Marcarelli's Union are parties. See <u>Kelley Property Development, Inc.</u> v. <u>Town of Lebanon</u>, 226 Conn. 314, 627 A.2d 909 (1993); <u>Gentile</u> v. <u>Alternatt</u>, 169 Conn. 267, 363 A.2d 1, appeal dismissed, 423 U.S. 1041, 96 S.Ct. 763, 46 L.Ed.2d 631 (1975). Article First, Section 10 has also been held to have "the same meaning and impose similar constitutional limitations" as the due process clause of the 14th Amendment to the U. S. Constitution. <u>Roundhouse Construction Corporation</u> v. <u>Telesco Masons Supplies Company, Inc., et al.</u>, 170 Conn. 155, 157, 365 A.2d 393, <u>cert. denied</u>, 429 U.S. 889 (1976).

As to Article First, Section 20 (equal protection), see generally as to when federal and state constitutional standards are identical, <u>City Recycling, Inc.</u> v. <u>State</u>, 257 Conn. 4429, 778 A.2d 77 (2001), <u>Daily</u> v. <u>New Britain Machine Co.</u>, 200 Conn. 562, 512 A.2d 893 (1986); but compare, <u>Barton</u> v. <u>Ducci Electrical Contractors, Inc.</u>, 248 Conn. 793, 730 A.2d 1149 (1999), <u>State</u> v. <u>Geisler</u>, 222 Conn. 672, 610 A.2d 1225 (1992).

-5-

Respectfully submitted,

*Martin S. Echter*
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct 07596

### Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, respectively to Attorney R. Edward Phillips, c/o Law Office of Warren Miller, One Union Plaza, 2d Floor, P. O. Box 116, New London, CT 06320-0116, and Attorney Rene Gerard Martineau, c/o Del Sole & Del Sole, 46 South Whittlesey Avenue, P. O. Box 310, Wallingford, CT 06492-0310, this 22nd day of December, 2003.

*Martin S. Echter*
Martin S. Echter